Thomas J. LAPOSKY, Jr., Appellant,

v.

Jesse BROWN, Secretary of Veterans Affairs, Appellee.

No. 90–1469.

United States Court of Veterans Appeals.

March 4, 1993.

Thomas J. Laposky, Jr., pro se.

James A. Endicott, Jr., Gen. Counsel, David T. Landers, Acting Asst. Gen. Counsel, Pamela L. Wood, Deputy Asst. Gen. Counsel, and John D. McNamee were on the pleadings, for appellee.

Before FARLEY, MANKIN and STEINBERG, Associate Judges.

FARLEY, Associate Judge:

Pro se appellant Thomas J. Laposky, Jr., appeals a September 17, 1990, decision of the Board of Veterans' Appeals (BVA or Board) which denied his claim of entitlement to service connection for post-traumatic stress disorder (PTSD). The Board based this denial on the ground that appellant did not submit new and material evidence sufficient to warrant the reopening of his claim, which had been the subject of two previous and final denials by the BVA. The Court will affirm the BVA's decision on this issue. However, because the BVA failed to adjudicate appellant's claim for aggravation of a preexisting condition, a remand is required.

Appellant is a mildly retarded adult with an intelligence quotient (IQ) of 70 or less. R. at 330, 333, 338, 342, 385. *See also* R. at 210–11, 219, 223, 259, 275, 278, 291, 303, 327, 331–32, 334–35, 339–40, 343–44, 359, 361, 365, 368–69, 376, 381, 389, 391, 398–99, 425, 431, 433, 437, 440. Mental retardation is defined as

> a mental disorder characterized by significantly subaverage general intellectual functioning associated with impairments in adaptive behavior and manifested during the developmental period; classified as *mild* (IQ 50–70)—can develop social and communication skills during the preschool period, have minimal sensorimotor impairment, can by their late teens learn academic skills up to the sixth grade

level, and usually achieve social and vocational skills adequate for minimal self support. . . .

DORLAND'S ILLUSTRATED MEDICAL DICTIONARY, 1453 (27th ed. 1988). In reference to social and vocational adequacy, the MERCK MANUAL notes that a mildly retarded adult "may need guidance and assistance when under unusual social or economic stress." MERCK MANUAL at 2113 (16th ed. 1992).

After being drafted, appellant served in the United States Army from November 14, 1966, until November 3, 1968 (R. at 213, 307, 351, 410), with a five-month tour of duty in Vietnam. R. at 250, 256, 290, 312, 331, 334, 339, 375. The physician conducting appellant's induction examination found appellant qualified for enlistment (R. at 3–4), and appellant's November 3, 1968, separation examination was negative for any physical or psychiatric abnormalities. R. at 16–25.

### I. PTSD

 Prior to the September 17, 1990, decision which forms the basis of this appeal, the Board twice denied appellant's claims of entitlement to service connection for PTSD in decisions dated March 11, 1987 (R. at 311–21), and August 11, 1989. R. at 373–80. Under 38 U.S.C.A. § 7104(b) (West 1991), a final decision by the BVA on a given claim "may not thereafter be reopened and allowed and a claim based upon the same factual basis may not be considered." The exception to this rule is 38 U.S.C.A. § 5108 (West 1991), which states that "[i]f new and material evidence is presented or secured with respect to a claim which has been disallowed, the Secretary [of Veterans Affairs (Secretary)] shall reopen the claim and review the former disposition of the claim." *See Thompson v. Derwinski*, 1 Vet.App. 251, 253 (1991). The determination whether evidence submitted to reopen a previously disallowed claim is new and material under 38 U.S.C.A. § 5108 is a question of law which this Court reviews de novo. *Colvin v. Derwinski*, 1 Vet.App. 171, 174 (1991). New evidence is that which is not "merely cumulative of other evidence on the record" and

material evidence is "relevant [to] and probative of the issue at hand" and presents "a reasonable possibility that the new evidence, when viewed in the context of all the evidence, both new and old, would change the outcome." *Id.*

 In its September 17, 1990, decision, the Board determined that appellant had not submitted new and material evidence which would warrant the reopening of his previously and finally denied claim for service connection for PTSD. *Thomas J. Laposky, Jr.*, BVA 90-____, at 5 (Sep. 17, 1990). The additional evidence of record before the Board consists of statements from appellant's former high school special needs instructor, Leo P. Miller, and his former high school guidance counselor, Andrew Kalinick (R. at 389–91), a letter from United States Senator John F. Kerry (R. at 431), and appellant's sworn personal hearing testimony. R. at 433–44. The statements of both Mr. Miller and Mr. Kalinick addressed appellant's academic and social progress while appellant attended high school; Senator Kerry's correspondence expressed the hope that the Department of Veterans Affairs (VA) would rule favorably on appellant's claim. These statements, although new, are neither relevant to nor probative of appellant's claim, and thus are not material. Appellant's hearing testimony is cumulative of prior evidence of record, and therefore does not meet the requirements for reopening a previously and finally denied claim which this Court established in *Colvin, supra*. Therefore, the September 17, 1990, BVA decision denying appellant's PTSD claim will be affirmed.

### II. AGGRAVATION OF PREEXISTING CONDITION

 A veteran is entitled to service connection for a disease or injury incurred in or aggravated by service. 38 U.S.C.A. § 1110 (West 1991). "A preexisting injury or disease will be considered to have been aggravated by active military . . . service where there is an increase in disability during such service, unless there is a specific finding that the increase in disability is due

to the natural progress of the disease." 38 U.S.C.A. § 1153 (West 1991); *see also* 38 C.F.R. § 3.306(a), (b) (1992). When claiming entitlement to service connection for the aggravation of a preexisting condition, an appellant is not required to establish a causal link between his military service and the deterioration of his preservice disability, but must show only that the aggravation occurred in service. *See Browder v. Derwinski* 1 Vet.App. 204, 207 (1991); 38 C.F.R. § 3.306(a), (b). When the severity of appellant's preservice disability increases during service, the Secretary can rebut the presumption of in-service aggravation only by "clear and unmistakable" evidence that appellant's condition existed prior to induction and that appellant's condition was not aggravated during service. *See* 38 U.S.C.A. § 1111 (West 1991); *Akins v. Derwinski*, 1 Vet.App. 228, 232 (1991); *Browder*, 1 Vet.App. at 207. As the *Akins* Court stated:

> [I]n short, a proper application of [38 U.S.C.A. § 1153 and 38 C.F.R. § 3.306(a), (b) ] . . . places an onerous burden on the government to rebut the presumption of service connection.
>
> . . . .
>
> . . . [I]n the case of aggravation of a preexisting condition, the government must point to a specific finding that the increase in disability was due to the natural progression of the disease.

*Akins, supra.*

■ In addition to references in appellant's brief on pages 12–13, 20, and 22, the record is replete with instances in which appellant, his representative, and a VA psychiatrist claimed that his military service had aggravated his mental condition (R. at 292–94, 330–31 (duplicated at 333–34, 338–39, 342–43), 398, 406, 440); yet, the Secretary's motion for summary affirmance is the first instance in which the VA even acknowledges the existence of this issue. Motion of Appellee at 5. In his motion, the Secretary summarily dismisses appellant's claim with the unexplained statement that appellant "mistakenly raises the issue of 'aggravation in service'. . . ." *Id.* Contrary to the Secretary's statement, the Court concludes that the only mistake was that of the VA in failing to recognize and adjudicate the claim of aggravation. Indeed, the Secretary's failure to address a claim explicitly raised by a pro se appellant is even more disturbing when, as here, the claim has been raised by a veteran of limited intellectual capacity. *See Azurin v. Derwinski*, 2 Vet.App. 489, 492 (1992), *Mingo v. Derwinski*, 2 Vet.App. 51, 54 (citing *Myers v. Derwinski*, 1 Vet.App. 127, 129 (1991)), and *EF v. Derwinski*, 1 Vet. App. 324, 326 (1991).

The Court does not share the Secretary's difficulty in recognizing appellant's claim as one for aggravation of a preexisting condition, particularly in light of VA psychiatrist Dr. Milton Hirshberg's report:

> The stress of military training readily brought out the limitations of his adaptive skills, and he began to regress. Handicapped by his intellectual deficit . . . he had difficulty coping and difficulty appreciating his inability to maintain his soldiering role. . . . Military psychiatrists saw him not as a retarded person whose borderline coping ability was beginning to fail under the demands of military duties[,] but as a person with an immature, dependent personality organization. Accordingly[,] he was assigned to Vietnam. . . .
>
> . . . .
>
> . . . The primary diagnostic concern here is the service connection of his inability to participate as a productive menber [sic] of his community. He was prepared for such a role by his family and teachers within the bounds of his intellectual deficits, but *his service experience rendered him dysfunctional—essentially weakening further an adaptive capability already wounded by his mental retardation.*

R. at 338–39 (emphasis added) (duplicated at 330–31, 333–34, 342–43).

A remand will provide the Secretary with the opportunity to adjudicate appellant's claim of entitlement to service connection for aggravation of his mental condition.

### III. CONCLUSION

For the reasons stated in part I, above, the September 17, 1990, decision of the Board denying appellant's claim of entitlement to service connection for PTSD is AFFIRMED. In addition, the matter is REMANDED for adjudication of appellant's claim of entitlement to service connection for the aggravation of his preexisting mental condition. On remand, appellant will be free to submit additional evidence and argument on the aggravation issue. *See Quarles v. Derwinski,* 3 Vet. App. 129, 141 (1992).