Citation Nr: 1641923 
Decision Date: 10/31/16 Archive Date: 11/08/16

DOCKET NO. 11-26 045 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Indianapolis, Indiana


THE ISSUE

Entitlement to service connection for a right knee disability.


REPRESENTATION

Veteran represented by: Veterans of Foreign Wars of the United States


ATTORNEY FOR THE BOARD

L. S. Kyle, Associate Counsel


INTRODUCTION

The Veteran served on active duty from March 1968 to January 1970.

This matter comes before the Board of Veterans' Appeals (Board) on appeal from a May 2010 rating decision of the Department of Veterans Affairs (VA) Regional Office (RO) in Indianapolis, Indiana.

This matter was previously before the Board in August 2014 and February 2015, when it was remanded for further development.


FINDINGS OF FACT

1. The Veteran's March 1968 entrance examination report does not list a right knee abnormality, and the evidence is not clear and unmistakable that the right knee condition that was manifest in service pre-existed service and was not aggravated during service.

2. The Veteran's current right knee disability is the result of the right knee condition manifest in service.


CONCLUSIONS OF LAW

1. The presumption of soundness on entry to service as to a right knee disability has not been rebutted. 38 U.S.C.A. § 1111 (West 2014); 38 C.F.R. § 3.304 (2015).

2. The criteria for entitlement to service connection for a right knee disability have been met. 38 U.S.C.A. §§ 1110, 1112, 5107 (West 2014); 38 C.F.R. §§ 3.102, 3.303, 3.304, 3.307, 3.309 (2015).


REASONS AND BASES FOR FINDINGS AND CONCLUSIONS

Service connection will be granted for a disability resulting from disease or injury incurred in or aggravated by active service. 38 U.S.C.A. §§ 1110 (West 2014); 38 C.F.R. § 3.303 (2015).

Establishing service connection generally requires evidence of (1) a current disability; (2) an in-service incurrence or aggravation of a disease or injury; and (3) a nexus between the claimed in-service disease or injury and the current disability. Shedden v. Principi, 381 F.3d 1163, 1167 (Fed. Cir. 2004).

When there is an approximate balance of positive and negative evidence regarding any issue material to the determination of a matter, VA shall give the benefit of the doubt to the claimant. 38 U.S.C.A. § 5107(b); 38 C.F.R. § 3.102.

The Veteran is considered to have been in sound condition when examined, accepted, and enrolled for service, except as to defects, infirmities, or disorders noted at entrance into service, or where clear and unmistakable (obvious or manifest) evidence demonstrates that an injury or disease existed prior thereto and was not aggravated by such service. 38 U.S.C.A. § 1111; 38 C.F.R. § 3.304(b). Here, the Veteran's March 1968 entrance examination report does not list a right knee abnormality; therefore, the presumption of soundness on entry to service attaches. See Smith v. Shinseki, 24 Vet. App. 40, 45 (2010).

The presumption of soundness may be rebutted by clear and unmistakable evidence showing that a disability pre-existed service and that the disability was not aggravated by service. Wagner v. Principi, 370 F.3d 1089, 1096 (Fed. Cir. 2004). Thus, when the presumption of soundness applies, the Veteran is not required to show that a pre-existing injury or disease increased in severity during service. Id. Rather, the burden remains with VA to show by clear and unmistakable evidence that the pre-existing disease or injury was not aggravated by service. Id.

VA may show a lack of aggravation if clear and unmistakable evidence establishes that there was no increase in disability during service, or that any increase in disability was due to the natural progress of the pre-existing condition. Id. If this burden is met, then the claimant is not entitled to service connection benefits. Id.

On the other hand, if VA fails to show a lack of aggravation by clear and unmistakable evidence, then the presumption has not been rebutted. Id. at 1094 (holding that Congress intended to "convert aggravation claims to ones for service connection when the government fails to overcome the presumption of soundness under section 1111"). In that case, the claim will be considered as a normal claim for service connection and, if granted, no deduction for the degree of disability existing at the time of entrance will be made. Id. at 1096 (citing 38 C.F.R. § 3.322). In other words, the claim may not be denied, nor benefits deducted, on the bas is of a finding that the disability in question pre-existed active service, if VA does not also meet its evidentiary burden of showing that the disability was not aggravated during service.

The clear-and-unmistakable-evidence standard is a much more formidable evidentiary burden to meet than the preponderance-of-the-evidence standard. See Vanerson v. West, 12 Vet. App. 254, 258 (1999) (noting that the clear-and-unmistakable-evidence standard is more demanding than the clear-and-convincing-evidence standard, which in turn is higher than the preponderance-of-the-evidence standard). It is an "onerous" and "very demanding" evidentiary standard, requiring that the evidence be "undebatable." See Cotant v. West, 17 Vet. App. 116, 131 (2003) (citing Laposky v. Brown, 4 Vet. App. 331, 334 (1993)).

Although there is evidence that suggests a right knee condition may have pre-existed service in this case, it is not undebatable that the condition manifest in service pre-existed service. In an October 2014 addendum to his initial examination report, a January 2012 VA examiner indicated the evidence does not show the right knee condition manifest in service clearly and unmistakably pre-existed service. The January 2012 VA examiner pointed out all notations in service treatment records regarding a pre-existing right knee condition were based on the Veteran's lay reports. The January 2012 VA examiner explained these lay reports do not conclusively show the right knee condition, diagnosed as a meniscal tear in service, pre-existed service because this condition would have most likely been diagnosed at the Veteran's entry into active service after clinical examination. The Board acknowledges other VA examiners have reached different conclusion regarding this question; however, the variance in opinions from medical professionals reflects the issue is not obvious, manifest, or undebatable. Thus, the evidence does not clearly and unmistakably show the right knee condition that was manifest in service pre-existed service.

Further, the evidence does not clearly and unmistakably show that the possible pre-existing right knee condition was not aggravated during service. To the contrary, service treatment records show the Veteran sought treatment for right knee problems throughout his period of active service, after being found fit for duty following a clinical examination at his entry into active service. In September 1968, a treating physician specifically indicated the right knee condition, which was reported to be present for approximately six years at that time, had worsened since the Veteran entered active service. The Veteran was diagnosed as having a right knee meniscus tear at that time. The Board notes the opinions of January 2012 and June 2015 VA examiners, both of whom indicated there was no evidence of aggravation beyond the natural progression of the right knee condition in service; however, these opinions were not couched in terms of the clear-and-unmistakable-evidence standard and are insufficient to overcome notations in service treatment records regarding aggravation. Moreover, when asked to provide an opinion under the clear-and-unmistakable-evidence standard, the January 2012 examiner opined that the evidence does not clearly and unmistakably show the right knee condition manifest in service pre-existed service; therefore, he determined it was unnecessary to address aggravation in terms of the clear-and-unmistakable-evidence standard.

As the evidence is not clear and unmistakable that the right knee condition that was manifest in service pre-existed service and was not aggravated during service, the presumption of soundness has not been rebutted. Therefore, the Veteran's claim must be considered a normal claim for service connection without consideration of provisions regarding aggravation.

The record establishes the Veteran has a current right knee disability, diagnosed as right knee degenerative joint disease with bursitis. The current disability has been confirmed by multiple VA examiners, most recently in June 2015. The only issue that remains is whether there is a nexus between the current right knee disability and the right knee condition that was manifest in service.

The Board requested an expert medical opinion regarding this issue, after its February 2015 remand failed to produce an adequate nexus opinion. In July 2016, a VA orthopedic surgeon, P.R., M.D., provided the requested opinion. Although P.R., M.D., stated the Veteran's current right knee disability was not likely caused by the Veteran's military service, he explained the diagnosis of a meniscal tear in service was most likely incorrect and mere speculation on the part of the treating physician. He further explained the symptoms manifest in service were more likely the result of patellofemoral joint syndrome because the Veteran reported his knee locked in extension, as opposed to flexion, which is expected with a torn meniscus. P.R., M.D., also noted the Veteran's reported symptoms after periods of prolonged periods of sitting and standing are also more consistent with patellofemoral joint syndrome, when compared with a meniscal tear. He concluded the degenerative changes in the Veteran's right knee are consistent with patellofemoral joint instability that has led to degenerative changes in the patellofemoral joint. As such, his opinion establishes a nexus between the right knee condition that was manifest in service and the current disability. Thus, the evidence is in at least relative equipoise as to whether there is a nexus between the right knee manifestations shown in service and the current disability. Resolving any remaining reasonable doubt regarding the nexus issue in the Veteran's favor, the Board finds service connection for a right knee disability is warranted. See 38 U.S.C.A. § 5107(b); 38 C.F.R. § 3.102.


ORDER

Entitlement to service connection for a right knee disability is granted.




____________________________________________
M. HYLAND
Veterans Law Judge, Board of Veterans' Appeals


Department of Veterans Affairs