Citation Nr: 1719113 
Decision Date: 05/31/17 Archive Date: 06/06/17

DOCKET NO. 13-14 762 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in St. Louis, Missouri


THE ISSUE

Entitlement to service connection for an acquired psychiatric disorder, to include posttraumatic stress disorder (PTSD), generalized anxiety disorder, depressive disorder, and a nervous condition.


REPRESENTATION

Appellant represented by: Disabled American Veterans


ATTORNEY FOR THE BOARD

H. Yoo, Counsel



INTRODUCTION

The Veteran served on active duty from February 1972 to October 1972.

This appeal comes before the Board of Veterans' Appeals (Board) from a May 2010 rating decision of the Department of Veterans Affairs (VA) Regional Office (RO), which declined to reopen a previously denied claim for service connection for a nervous disorder. 

In June 2015 decision, the Board reopened and remanded his claim of entitlement to service connection for a nervous disorder. Such development has not been completed upon remand and as such, additional development is necessary. See Stegall v. West, 11 Vet. App. 268 (1998).

With regard to the Veteran's claim, the Board notes the issue has been previously characterized as entitlement to service connection for a nervous disorder. The record indicates the Veteran has received additional diagnoses of psychiatric disorders. Based on evidence of record and subsequent treatment of the claim by the RO, the Board has broadened and recharacterized the issue as entitlement to service connection for an acquired psychiatric disorder, to include PTSD, generalized anxiety disorder, depressive disorder, and a nervous condition. See Clemons v. Shinseki, 23 Vet. App. 1 (2009) (the scope of a mental health disability claim includes any mental disability that may reasonably be encompassed by the claimant's description of the claim, reported symptoms, and the other information of record).

The appeal is REMANDED to the Agency of Original Jurisdiction (AOJ). VA will notify the appellant if further action is required.


REMAND

Unfortunately, another remand is required in this case. Although the Board regrets the additional delay, it is necessary to ensure that there is a complete record upon which to decide the Veteran's claim for service connection so that he is afforded every possible consideration. The VA has a duty to assist claimants in obtaining evidence needed to substantiate a claim. 38 U.S.C.A. §§ 5107 (a), 5103A (West 2014); 38 C.F.R. § 3.159 (c) (2016).

The Board notes that following the July 2015 VA opinion obtained pursuant to the June 2015 remand, the Veteran submitted a letter from a VA psychiatrist, dated February 2017, stating that his diagnosis of PTSD was related to his military service. Furthermore, the psychiatrist opined that the psychotic episode noted in service was an "acute reaction to the stress he was exposed to." As this opinion does not address the findings of the July 2015 VA examiner, and as there are outstanding records, the Board finds that another VA opinion is necessary to consider all evidence of record and to reconcile the conflicting determinations.

In addition, in the June 2015 remand, the Board noted that while receiving VA treatment in February 2010, the Veteran reported receiving private treatment for anxiety and PTSD. These private treatment records have not been obtained. Therefore, the Board instructed the AOJ to obtain outstanding treatment records which have not been obtained already. In July 2015, the VA sent the Veteran a notice letter instructing him to complete and return the enclosed VA form 21-4142, an Authorization to Disclose Information, and VA form 21-4142a, a General Release for Medical Provider Information, so that the VA is able to obtain treatment records on behalf of the Veteran. 

However, the Board notes that it is not apparent that the Veteran was provided the VA forms 21-4142 and 21-4142a. At the least, the Veteran has not responded to the request. Therefore, on remand the Veteran should be provided these forms. Upon completion and return of the necessary releases, the AOJ should make another attempt to obtain private treatment records from the medical providers identified by the Veteran. In addition, the Board finds that as the Veteran is continuing to receive treatment for his condition, VA treatment records from July 2015 to the present must also be obtained and associated with the record. 


Accordingly, the case is REMANDED for the following action:

1. Contact the Veteran and/or his service representative and ask him to identify all VA and non-VA clinicians who have treated him for his claimed acquired psychiatric disorder, to include PTSD, generalized anxiety disorder, depressive disorder, and a nervous condition. The Veteran must be provided with VA forms 21-4142 and 21-4142a in order to obtain all non-VA treatment records which have not been obtained already. 

Once signed releases are received from the Veteran, obtain all private treatment records which have not been obtained already. A copy of any records obtained, to include a negative reply, should be included in the claims file.

2. Once all outstanding records have been obtained and associated with the claims file, forward the Veteran's claims file to an appropriate VA specialist in order to determine the nature and etiology of any acquired psychiatric disorder, to include PTSD, generalized anxiety disorder, depressive disorder, and nervous condition shown to be present. The need for an additional examination of the Veteran is left to the discretion of the clinician selected to provide the opinion. If an examination is obtained, all appropriate testing must be conducted and these results must be included in the examination report.

The VA examiner is requested to provide the following opinions:

a. On the basis of the clinical record, can it be concluded with clear and unmistakable certainty that any currently diagnosed acquired psychiatric disorder, to include PTSD, generalized anxiety disorder, depressive disorder, and a nervous condition, preexisted the Veteran's entry into active military service, and 

b. If any such acquired psychiatric disorder clearly and unmistakably preexisted service, can it be concluded with clear and unmistakable certainty that such was not aggravated to a permanent degree in service beyond that which would be due to the natural progression of the disease? 

c. If any acquired psychiatric disorder, to include PTSD, generalized anxiety disorder, depressive disorder, and a nervous condition did not clearly and unmistakably preexist service, the examiner is requested to provide an opinion as to whether any such disorder is as least as likely as not (50 percent probability or greater) etiologically related to his period of active service. 

A clear rationale for all opinions should be provided, along with a discussion of the facts and medical principles. The claims folder and a complete copy of this Remand must be available for review by the examiner in conjunction with the examination, and this fact should be acknowledged in the report. 

Additionally, the VA examiner must consider and discuss the Veteran's in-service treatment records; VA treatment records, to include the July 2015 VA opinion and the determination of the VA psychiatrist according to the February 2017 letter; and any private treatment records. Furthermore, the VA examiner must also discuss the Veteran's lay statements regarding history and chronicity of symptomatology, including the September 2016 Appellant's Brief statement regarding his military stressors and symptoms, when discussing the offered opinion. 

The clear and unmistakable evidentiary standard is an onerous one. Laposky v. Brown, 4 Vet. App. 331, 334 (1993) (citing Atkins v. Derwinski, 1 Vet. App. 228, 232 (1991)). Clear and unmistakable evidence is evidence that "cannot be misinterpreted and misunderstood, i.e., it is undebatable." Vanserson v. West, 12 Vet. App. 254, 258-59 (1999) (citing definition of "clear and unmistakable error" in Russell v. Principi, 3 Vet. App. 310, 313-14 (en banc)). 

If the requested opinion cannot be provided without resort to speculation, the examiner should so state and explain why an opinion cannot be provided without resort to speculation.

3. Upon completion of the addendum, review the examiner's report to ensure substantial compliance with the Board's directives. See Stegall v. West, 11 Vet. App. 268 (1998); Dyment v. West, 13 Vet. App. 141, 146-47 (1999). Take any necessary corrective action. 38 C.F.R. § 4.2.

4. Finally, after reviewing all of the evidence received since the last prior adjudication and undertaking any other development deemed appropriate to include VA examinations and/or opinions, re-adjudicate the claim remaining on appeal. If any benefits sought are not granted, furnish the Veteran and his representative with a supplemental statement of the case and afford them an opportunity to respond before the record is returned to the Board for further review.

The appellant has the right to submit additional evidence and argument on the matter the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999).

This claim must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board of Veterans' Appeals or by the United States Court of Appeals for Veterans Claims for additional development or other appropriate action must be handled in an expeditious manner. See 38 U.S.C.A. §§ 5109B, 7112 (West 2014).



_________________________________________________
CAROLINE B. FLEMING
Veterans Law Judge, Board of Veterans' Appeals

Under 38 U.S.C.A. § 7252 (West 2014), only a decision of the Board of Veterans' Appeals is appealable to the United States Court of Appeals for Veterans Claims. This remand is in the nature of a preliminary order and does not constitute a decision of the Board on the merits of your appeal. 38 C.F.R. § 20.1100(b) (2016).