Citation Nr: 1817419 
Decision Date: 03/22/18 Archive Date: 04/03/18

DOCKET NO. 14-37 047 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Atlanta, Georgia


THE ISSUES

1. Entitlement to service connection for a low back disability.

2. Entitlement to service connection for migraines.


REPRESENTATION

Appellant represented by: Georgia Department of Veterans Services


WITNESS AT HEARING ON APPEAL

The Veteran


ATTORNEY FOR THE BOARD

A. Boal, Associate Counsel
INTRODUCTION

The Veteran served on active duty from August 1967 to March 1971.

This appeal comes before the Board of Veterans' Appeals (Board) from an April 2011 rating decision of the Department of Veterans Affairs (VA) Regional Office (RO) in Atlanta, Georgia which denied service connection a low back disability, migraines, a left knee disability, and a right knee disability. A July 2014 decision review officer decision granted service connection for the left knee disability and right knee disability.

The Veteran attended a videoconference hearing before the undersigned Veterans Law Judge in July 2017. A transcript of the hearing has been associated with the claims file.

A review of the record further shows that the Veteran filed a Notice of Disagreement (NOD) with a May 2016 rating decision that denied entitlement to service connection for a cervical spine disability, prostate cancer, chronic obstructive pulmonary disease, and a bilateral shoulder disability. The filing of a NOD normally places a matter into appellate status, requiring the Board to remand for issuance of a Statement of the Case (SOC). See Manlincon v. West, 12 Vet. App. 238 (1999). However, the Agency of Original Jurisdiction (AOJ) has since responded to the Veteran's NOD. The Board thereby declines to take appellate jurisdiction over these issues at this time as it is clear the AOJ is processing the appeal and will issue an SOC, thereby allowing the Veteran the opportunity to perfect the appeal if he so desires. See 38 C.F.R. §§ 3.103 (f), 20.200 (2017). The matters are referred to the AOJ for appropriate action. 38 C.F.R. § 19.9 (b) (2017).

The appeal is REMANDED to the Agency of Original Jurisdiction (AOJ). VA will notify the Veteran if further action is required.



REMAND

The Veteran claims service connection for a low back disability and migraines.

The Veteran attended a VA examination in October 2012. The examiner opined that it was less likely than not that the Veteran's current condition was incurred in or caused by the Veteran's service. In August 2014 the VA examiner opined that the Veteran's current back disability was less likely than not proximately due or related to the Veteran's service-connected residuals, post-operative fracture of the left medial malleus and residuals of trauma of the right ankle. However, the examiner noted in the October 2012 examination that the Veteran had a lumbar strain, and that imagining reports did not indicate that the Veteran had arthritis or any other significant diagnostic findings. While there is an October 2012 imaging report showing that the Veteran's lumbar spine was "negative," there are other imaging reports contained in the claims file from November 2011 and November 2014 which show that the Veteran suffers from discogenic degenerative disease, disc space narrowing with associated facet arthrosis, spondylotic changes and other abnormalities in the lumbar spine. In addition, there is a clinic note from March 2011 in the Veteran's VA treatment records indicating that the Veteran has reported having chronic pain for forty years. Given the inconsistencies in the imaging reports, a new examination should be conducted so that the Veteran's condition can be properly assessed. Additionally, as the Veteran is now service-connected for a left knee disability and a right knee disability, the VA examiner should also be asked to opine whether the Veteran's current back disability has been caused or aggravated by any service-connected disability.

A remand is also necessary to adjudicate the Veteran's claim for service connection for a migraine disability. At an October 2012 VA examination, the VA examiner opined that since the Veteran's migraines began before service, that his reported migraines after service were less likely than not incurred in or caused by his service. However, the examination report indicates that the Veteran complained that his headaches were worse during his military service. In this regard, the Board notes that the Veteran's December 1966 induction examination described the head as normal and did not note any defects or diagnoses. In other words, the Veteran is presumed sound. When the Veteran is presumed sound at entrance, the burden then falls on the Government to rebut the presumption of soundness by clear and unmistakable evidence that the Veteran's disability was both preexisting and not aggravated by service. Wagner v. Principi, 370 F.3d 1089, 1096 (Fed. Cir. 2004). The U.S. Court of Appeals for Veterans Claims (Court) in Horn v. Shinseki, explained that even when there is clear and unmistakable evidence of preexistence, the claimant need not produce any evidence of aggravation in order to prevail under the aggravation prong of the presumption of soundness. Rather, the burden is on VA to establish by clear and unmistakable evidence that it did not or that any increase was due to the natural progress of the disease. 25 Vet. App. 231, 235 (2012). Clear and unmistakable evidence means that the evidence "cannot be misinterpreted and misunderstood, i.e., it is undebatable." Quirin v. Shinseki, 22 Vet. App. 390, 396 (2009). The clear-and-unmistakable-evidence standard is an "onerous" one. Laposky v. Brown, 4 Vet. App. 331, 334 (1993). On remand, an addendum opinion should be obtained to determine whether the Veteran's headache condition was a preexisting condition and if so whether it was aggravated beyond its natural progression by an in-service injury, event, or illness.

Finally, the Veteran indicated at the hearing on this matter that he sought treatment from a chiropractor. It is unclear whether records of the Veteran's chiropractor treatment have been associated with the record. The RO should attempt to obtain those records, as well as records from any other doctor who treated the Veteran for his claimed disabilities, and associate those records with the claims file. 

Accordingly, the case is REMANDED for the following actions:

1. The RO should contact the Veteran and attempt to obtain records for any treatment the Veteran received from any private physician or facility related to the claimed disabilities, to include the Veteran's chiropractor, and associate any records located with the claims file. If no such records exist, or they are otherwise unavailable, the claims file should be documented accordingly.

The Veteran should be asked to submit copies of any pertinent records in his possession.

2. Schedule the Veteran for a VA examination to determine the relationship between the Veteran's headaches and any of his service-connected disabilities. The examiner should provide an opinion as to the following:

a) Did a headache disability "clearly and unmistakably" (obviously or manifestly) exist prior to the Veteran's entry into active duty in August 1967? 
b) If a headache disability clearly and unmistakably existed prior to service, was it "clearly and unmistakably" (obviously or manifestly) not aggravated by military service? In this special context, "aggravation" has occurred where there is an increase in disability beyond the natural progress of the disability. 
c) If the answer to either question above is no, then answer whether it is "at least as likely as not" (50 percent or greater probability) that any current headache disability was due to an inservice injury, event or disease? 

A clear rationale for all opinions is required.

3. Obtain an opinion from an examiner other than the October 2012 and June 2014 examiner addressing the relationship between the Veteran's low back disability and his active duty service. The Veteran need not be reexamined unless an examination is deemed necessary to render the requested opinion. The Veteran's claims file must be made available for review.

After review of the claims file, the examiner is asked to provide an opinion as to the following: 

a) Whether it is at least as likely as not (50 percent probability or greater) that the Veteran's low back disability is related to his service. The examiner should specifically address the November 2011 and November 2014 imaging reports that showed imaging abnormalities with the Veteran's lower back. The examiner should also address the Veteran's complaint of experiencing chronic pain for over forty (40) years.
b) Whether it is at least as likely as not (50 percent probability or greater) that the Veteran's low back disability is related to any service-connected disability. The Veteran is service connected for the bilateral ankles and bilateral knees.
c) Whether it is at least as likely as not (50 percent probability or greater) that the Veteran's low back disability is aggravated by a service-connected disability. The Veteran is service connected for the bilateral ankles and bilateral knees.

A clear rationale for all opinions is required.

4. Thereafter, readjudicate the Veteran's pending claims in light of any additional evidence added to the record. If the benefits sought on appeal remain denied, the Veteran and his representative should be furnished a supplemental statement of the case and given the opportunity to respond thereto. Thereafter, the case should be returned to the Board for appellate review. 

The Veteran has the right to submit additional evidence and argument on the matter or matters the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999).

This claim must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board of Veterans' Appeals or by the United States Court of Appeals for Veterans Claims for additional development or other appropriate action must be handled in an expeditious manner. See 38 U.S.C. §§ 5109B, 7112 (2012).



_________________________________________________
H. SEESEL
Veterans Law Judge, Board of Veterans' Appeals

Under 38 U.S.C. § 7252 (2012), only a decision of the Board of Veterans' Appeals is appealable to the United States Court of Appeals for Veterans Claims. This remand is in the nature of a preliminary order and does not constitute a decision of the Board on the merits of your appeal. 38 C.F.R. § 20.1100(b) (2017).