Citation Nr: AXXXXXXXX
Decision Date: 07/14/21 Archive Date: 07/14/21

DOCKET NO. 200318-158638
DATE: July 14, 2021

REMANDED

Entitlement to service connection for asthma is remanded.

REASONS FOR REMAND

The Veteran served on honorably on active duty from December 1984 to December 1987. 

The rating decision on appeal was issued in March 2020 and constitutes an initial decision; therefore, the modernized review system, also known as the Appeals Modernization Act (AMA), applies. 

In the March 2020 VA Form 10182, Decision Review Request: Board Appeal, the Veteran elected the Direct Review docket. Therefore, the Board may only consider the evidence of record at the time of the agency of original jurisdiction (AOJ) decision on appeal. 38 C.F.R. § 20.301. 

The Board notes that this issue was previously before the Board in February 2020. In its decision, the Board determined that new and relevant was received sufficient to readjudicate the claim of entitlement to service connection for asthma. However, the matter was remanded to correct a pre-decisional duty to assist error. Specifically, the Board found the July 2012 VA examination to be inadequate because the examiner addressed the issue under an incorrect legal standard. Unfortunately, there has not been substantial compliance with the Board's previous remand directives regarding the issue of service connection for asthma. Therefore, another remand is required to cure this pre-decisional error. Stegall v. West, 11 Vet. App. 268, 271 (1998).

Entitlement to service connection for asthma is remanded.

The Veteran contends that his asthma is related to his military service. Specifically, he asserts that his condition was caused or aggravated by "dusty ships" during active duty service. See January 2019 Fully Developed Claim. 

At the Veteran's enlistment examination, the Veteran specifically denied having or ever having asthma. See August 1984 Report of Medical History. The Veteran checked "yes" when asked if he had experienced hay fever. Id. On the entrance physical examination, the Veteran's lungs and chest were found to be normal. No defects or diagnoses were noted, and the Veteran was qualified for enlistment. See August 1984 Report of Medical Examination. 

At the Veteran's separation examination, the Veteran reported that he had an allergy to dust, as well as asthma when he was "young." See September 1987 Report of Medical History. On the separation physical examination, the Veteran's lungs and chest were found to be normal. No defects or diagnosis were noted, and the Veteran was qualified for separation. See September 1987 Report of Medical Examination. 

The Veteran was afforded a VA Respiratory Conditions examination in July 2012. The examiner noted a 1970 diagnosis of asthma, as well as the Veteran's reports that he had history of childhood asthma that required frequent treatment, including inpatient care. However, the Veteran reported that he outgrew the condition "in teenage" years. The examiner noted that no treatment occurred during active duty, however, the asthma was recurrent post-discharge. The examiner concluded, "STRs are silent for any pulmonary complaints or abnormal findings. Lungs were repeatedly clear even when being seen for URI complaints. He apparently had pre-existing asthma which appears less likely than not caused by or aggravated by his military duty." The February 2020 Board decision found this examination inadequate.

Additionally, a July 2012 VA Sinus and Nose Conditions examination revealed that the Veteran had some asthma and allergic rhinitis during his childhood approximately from 5 to 7 years of age. 

In February 2020, the Veteran was afforded a post-remand VA examination. The examiner concluded that the claimed condition was less likely than not incurred in or caused by the claimed in-service injury, event, or illness. As rationale, the examiner states "there is clear and convincing evidence that the Veteran had a pre-existing respiratory condition of childhood asthma. The condition was quiescent on entry into service and not noted at that time. There is no established medical nexus for asthma incurred in or caused by service." For aggravation of a condition that existed prior to service the examiner concluded that the claimed condition, which clearly and unmistakably existed prior to service, was clearly and unmistakably not aggravated beyond its natural progression by an in-service injury, event, or illness. For rationale the examiner states "temporary aggravation is plausible, but there is no evidence of permanent aggravation of the pre-existing asthma. There is no objective evidence of any exacerbation of asthma...There was no medical treatment for asthma during service...There is no record of any profiles for the asthma during service. There is no documented treatment for acute exacerbation of asthma until 2012, approximately 15 years after service. There current medical literature does not support an aggravation (lack of any commonly described symptoms for an aggravation for the condition). A nexus has not been established." 

The Board finds the February 2020 examination inadequate because the examiner failed to apply the correct legal standard. In determining whether a disability was incurred or aggravated during service, there is a legal presumption of soundness, meaning that every service member is presumed to enter service in sound health, apart from any preexisting disabilities noted during a service entry physical examination. 38 U.S.C. § 1111. The presumption applies when a Veteran has been examined, accepted, and enrolled for service, while that examination revealed no defects, infirmities, or disorders. See Smith v. Shinseki, 24 Vet. App. 40, 45 (2010). Only disabilities that are recorded in examination reports are considered as noted. 38 C.F.R. § 3.304(b). It follows that, so long as the Veteran was given an examination at entry into service, the only prerequisite for the presumption to attach is that such examination must be clear of any noted disabilities. Quirin v. Shinseki, 22 Vet. App. 390, 396 (2009).

Here, asthma was not noted upon entry to service. Thus, the Veteran is presumed sound upon entry unless clear and unmistakable evidence demonstrates that the disease existed prior to service. 38 U.S.C. § 1111; 38 C.F.R. § 3.304(b). Wagner v. Principi, 370 F.3d 1089, 1097 (Fed. Cir. 2004).

The Board notes that "clear and unmistakable evidence" refers to an evidentiary standard that is more demanding than clear and convincing and is much more formidable than the preponderance of the evidence. Vanerson v. West, 12 Vet. App. 254, 258 (1999). The courts have recognized that clear and unmistakable is an "onerous" and "very demanding" evidentiary standard requiring the evidence to be "undebatable." Laposky v. Brown, 4 Vet. App. 331 (1993). "To be undebatable" means that the evidence "cannot be misinterpreted and misunderstood." Quirin v. Shinseki, 22 Vet. App. at 396. In contrast to "clear and convincing" standard requiring a reasonable certainty as to the truth of the fact in controversy, "undebatable" means that no reasonable minds could differ as to the decision adversely affecting the Veteran. See Vanerson v. West, 12 Vet. App. at 258-59. If the lack of aggravation is not clear and unmistakable, presumption of soundness is not rebutted, and the Veteran's claim is legally treated as if a direct service connection. See Wagner v. Principi, 370 F.3d at 1096.

Here, the February 2020 examiner used the "clear and convincing" standard. As explained above, this is the incorrect evidentiary standard to apply. Simply noting "there is clear and convincing evidence that the Veteran had a pre-existing respiratory condition of childhood asthma" is not sufficient. First, the Court has noted that the clear and unmistakable standard refers to an evidentiary standard that is "undebatable." This is a higher evidentiary standard then what was applied by the examiner. Second, the evidence of the record notes that the Veteran stated that he had asthma from the age of 5 to 7. It is unclear whether the condition resolved, nor did the examiner address why the evidence of record substantiates the "clear and unmistakable" standard. Absent "undebatable" evidence, it is not enough for the examiner to simply conclude based on "clear and convincing evidence" that the Veteran's condition pre-existed. 

Upon remand, if the examiner finds that there is clear and unmistakable evidence, that the Veteran's current asthma existed prior to service, the examiner must provide an aggravation analysis. In addition, the examiner concluded that there was no evidence of permanent aggravation. However, the correct question is whether there is clear and unmistakable evidence that the Veteran's asthma was NOT aggravated by service. If the examiner finds the Veteran's asthma clearly and unmistakably preexisted service, the examiner must apply correct legal standard to determine if it was clearly and unmistakably not aggravated by service. Finally, if the examiner cannot point to clear and unmistakable evidence that the Veteran's condition pre-existed, then the examiner must proceed with the direct service connection analysis. 

In conclusion, the Veteran has not been provided an adequate examination. See Barr v. Nicholson, 21 Vet. App. 3030 (2007). The Board finds that another remand is warranted to correct this pre-decisional duty to assist error and ensure substantial compliance with the February 2020 Board remand directives. Stegall v. West, 11 Vet. App. at 271; 38 C.F.R. § 20.802(a).

The matters are REMANDED for the following action:

1. Obtain an addendum medical opinion addressing the nature and the etiology of the Veteran's current asthma. The examiner must review the electronics claims file, including a copy of this remand. For the Veteran's asthma, the examiner is requested to opine:

a. Did the Veteran's currently diagnosed asthma, clearly and unmistakably, preexist his active duty service? Why or why not? "young," with normal lung and chest findings on clinical evaluation.

In providing this opinion, the examiner should consider all the relevant evidence of record, including: the Veteran's August 1984 enlistment examination at which he denied having or ever having asthma, the Veteran's report at his September 1987 separation examination that he had asthma when he was "young", and the July 2012 Sinus examination which revealed that the Veteran had asthma from 5 to 7 years of age.

The examiner is advised to review the evidentiary standard for "clear and unmistakably" (undebatable) provided in this remand. Note that a history of a disability is not the same as having that disability at that time of entry.

b. If the examiner finds that the Veteran's current asthma DID clearly and unmistakably preexist service, he or she must opine whether it was clearly and unmistakably NOT aggravated beyond its natural progression by his military service (including dusty ships)? Why or why not?

c. If the examiner finds that the Veteran's current asthma either did not clearly and unmistakably preexist service, or was not clearly and unmistakably aggravated by service, he or she must opine whether it is at least as likely as not that the current asthma had its inception during the Veteran's period of active duty or is otherwise causally related to an in-service injury or disease, including the Veteran's reported exposure to "dusty ships."

The examiner must provide a complete and fully articulated explanatory rationale for any opinion expressed that is based on the examiner's clinical experience and medical expertise; established medical principles; and evidence in the electronic claims file. If after consideration of all pertinent factors it remains that the opinion cannot be given without resorting to speculation, it should be so stated, and the provider must explain why the opinion sought cannot be offered without resort to speculation. 

 

 

Tiffany Dawson

Veterans Law Judge

Board of Veterans' Appeals

Law Clerk for the Board N. Jamordee

The Board's decision in this case is binding only with respect to the instant matter decided. This decision is not precedential and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.