Citation Nr: 1761243 
Decision Date: 12/21/17 Archive Date: 01/02/18

DOCKET NO. 12-18 072 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Chicago, Illinois


THE ISSUE

Entitlement to service connection for a low back disability.


REPRESENTATION

Appellant represented by: Illinois Department of Veterans Affairs


WITNESSES AT HEARING ON APPEAL

The Veteran and his spouse


ATTORNEY FOR THE BOARD

Sarah Richmond, Counsel


INTRODUCTION

The Veteran had active military service from October 1965 to October 1968.

This matter comes to the Board of Veterans' Appeals (Board) from an October 2010 rating decision of the Department of Veterans Affairs (VA) Regional Office (RO) in Chicago, Illinois, which denied service connection for a low back disability, finding that new and material evidence had not been received to reopen the claim. In May 2014, the Veteran and his spouse testified before the undersigned Veterans Law Judge at a Board hearing at the RO.

The Board reopened the service connection claim for a low back disability in December 2014, but remanded the claim on the merits. The Board remanded the claim again in August 2015 for clarification of the medical opinion provided. In October 2016, the Board referred the claim for a Veterans Health Administration (VHA) medical opinion.

The case is now returned for appellate review. The Veteran has not been afforded the opportunity to review the VHA medical opinion that was provided in August 2017. Given the favorable outcome below, however, the Veteran is not prejudiced by this.


FINDING OF FACT

The Veteran has a back disability, characterized as degenerative arthritis in the spine, that is etiologically related to his military service.


CONCLUSION OF LAW

The criteria for service connection for a back disability, characterized as degenerative arthritis in the spine, have been met. 38 U.S.C. §§ 1110, 1111, 5107(b) (2021); 38 C.F.R. §§ 3.102, 3.303, 3.304 (2017).
REASONS AND BASES FOR FINDING AND CONCLUSION

The Veteran seeks service connection for a back disability.

Service connection is established if it is shown the Veteran has a disability resulting from an injury sustained or a disease contracted in the line of duty during active service, or for aggravation during service of a pre-existing condition beyond the natural progression of the disorder. 38 U.S.C. §§ 1110, 1153 (2012); 38 C.F.R. §§ 3.303, 3.306 (2017). Evidence of continuity of symptomatology from the time of service until the present is required where the chronicity of a chronic condition manifested during service either has not been established or might reasonably be questioned. 38 C.F.R. § 3.303(b). Only disabilities listed as chronic diseases in 38 C.F.R. § 3.309(a) may be considered for service connection under 38 C.F.R. § 3.303(b). Walker v. Shinseki, 708 F.3d 1331 (Fed. Cir. 2013). Other disabilities initially diagnosed after service also may be service connected if the evidence, including that pertinent to service, shows the disability was incurred in service. 38 C.F.R. § 3.303(d). Arthritis is a chronic disability. 38 C.F.R. § 3.309(a).

To establish entitlement to service connection, there must be: (1) competent and credible evidence confirming the Veteran has the claimed disability or at least has since filing the claim; (2) competent and credible evidence of in-service incurrence or aggravation of a relevant disease or injury; and (3) competent and credible evidence of a nexus or link between the in-service injury or disease and the current disability. Shedden v. Principi, 381 F.3d 1163 (Fed. Cir. 2004).

Certain diseases like arthritis are considered chronic, and therefore will be presumed to have been incurred in or aggravated by service if manifested to a compensable degree within one year of separation from service. That presumption is rebuttable by affirmative evidence to the contrary. 38 U.S.C. §§ 1101, 1112, 1113, 1137 (2012); 38 C.F.R. §§ 3.307, 3.309(a).

VA regulations provide that every veteran shall be taken to have been in sound condition when examined, accepted, and enrolled for service, except as to defects, infirmities, or disorders noted at the time of examination, acceptance, and enrollment. 38 C.F.R. § 3.304(b). 

VA's General Counsel held that to rebut the presumption of sound condition under 38 U.S.C. § 1111, VA must show by clear and unmistakable evidence (1) that the disease or injury existed prior to service and (2) that the disease or injury was not aggravated by service. The claimant is not required to show that the disease or injury increased in severity during service before VA's duty under the second prong of this rebuttal standard attaches. VAOGCPREC 3-2003.

In Wagner v. Principi, 370 F.3d 1089, 1092 (Fed. Cir. 2004), the United States Court of Appeals for the Federal Circuit (Federal Circuit), citing VAOPGCPREC 3-2003, held that the government (VA) must show clear and unmistakable evidence of both [emphasis added not in decision] a preexisting condition and a lack of in-service aggravation to over the presumption of soundness under § 1111 [§ 311]. The Federal Circuit also considered 38 U.S.C. § 1153 (§ 353) and 38 C.F.R. § 3.306 in rebutting the presumption of soundness. 

In Horn v. Shinseki, 25 Vet. App. 231 (2012), the United States Court of Appeals for Veterans Claims stated that the controlling law to rebut the presumption under 38 U.S.C. § 1111 required clear and unmistakable evidence of both preexistence (the preexistence prong) and lack of aggravation (the aggravation prong), citing Wagner. 

The issue of a preexisting disability has been raised by the record in this case. 
The Veteran's July 1965 enlistment examination shows normal clinical evaluation of the spine. However, on a July 1965 Report of Medical History, the Veteran checked the box 2. that he had worn a brace or back support. The examining clinician noted that the Veteran had a back injury in March 1964 and still had some symptoms. An October 1965 letter from the Veteran's former employer also notes that the Veteran was injured on the job in March 1965 when he fell against a pole with his back. Dorsal and lumbar spine x-rays were reportedly taken and there was no evidence of vertebral body compression or change in alignment. He returned to work in April 1965 and had had no further difficulty with his back or received any further treatment. (The Board notes that while the service treatment record notes that March 1964 was the date of the injury, it appears that this represents a typographic error and that there was only one back injury prior to service.)

During his military service, the Veteran complained of back pain on several occasions from February 1966 to May 1966, and wanted to get a back brace. He was seen for a muscle strain of the back in May 1966 and was put on a limited profile. It was noted that he could not lift or stand for long periods and that he had a previous history of back injury. He was seen again for back pain in October 1966 and June 1967. The July 1968 discharge examination shows normal clinical evaluation of the back. The Veteran's military occupational specialty in the Army was General Vehicle Repairman.

After service, an August 2013 private treatment record notes that the Veteran had low back pain and the examining clinician also noted records of treatment for back pain in the 1980s. A November 2013 chest x-ray examination showed mild degenerative changes in the thoracic spine.

The Veteran underwent a VA examination in February 2015. He noted that he injured his back in service while loading something onto an airplane in 1966. After service he worked on the railroad before retiring early due to a work injury involving the wrist, elbow, and shoulder. He indicated that he did not see any back specialists after service. The examination showed a diagnosis of degenerative disc disease, L2-L3, L3-L4, and L5-S1. There also were mild degenerative changes in the thoracic spine.

The Veteran has been provided with a VA examination and follow-up supplemental opinion in February 2015 and January 2016, respectively, to address the etiology of his lumbar spine disability. However, the pertinent questions asked in this matter were not adequately addressed in those opinions.

Thus, as noted in the introduction, the Board requested a VHA medical opinion in October 2016.

The VHA medical opinion in August 2017 determined that it was medically undebatable that the Veteran had a back injury prior to his military service, based on statements by the Veteran and his previous employer. Thus, while there is no mention of a back disability on the entrance examination, the VHA medical opinion provides clear and unmistakable evidence of a back disability prior to service. The burden then falls on VA to establish that there is clear and unmistakable evidence that the preexisting back disability was not aggravated by service.

The VHA medical opinion noted that it was debatable whether the Veteran's back disability underwent an increase in service. It was noted that the Veteran's back disability certainly increased based on the Veteran's complaints of back pain in service. The physician also noted, however, that the natural progression of a back injury could not be predicted with confidence and that it was within the natural progression of the pre-service injury that pain would recur and worsen. The physician determined that while he respected the Veteran's contention of worsening beyond the natural progression and while he acknowledged the biological plausibility of that contention, it did not meet the preponderance of the evidence standard. Additionally, the physician noted that the reinjury in service was not documented.

Based on the foregoing, the Board finds that the evidence does not show clear and unmistakable evidence that the Veteran's preexisting back disability was not aggravated by his service. The VHA physician essentially found that it was debatable whether the Veteran's back disability underwent an increase in service. This does not meet the clear and unmistakable evidence threshold. As VA cannot rebut the second prong of establishing by clear and unmistakable evidence that the Veteran's preexisting back disability was not aggravated by military service, the Veteran is presumed sound at entry into service. Therefore, the issue is whether the Veteran's present back disability was incurred during his military service. See 38 C.F.R. § 3.304(b).

The VHA medical opinion found that it was less likely than not that the Veteran's low back disability had its onset in service. The rationale was that the Veteran's back disability had its onset prior to service and manifested again while in service. The VA physician noted the documented symptoms during service and the assertions the Veteran and his wife made concerning the in-service injury, but determined that since such injury was not documented, there was no meaningful way to incorporate their statements into a medical opinion. Last, the VA physician commented that the Veteran's post-service back complaints did not alter his opinion because they casted no new light on the question of etiology.

As the Veteran is presumed sound at entry into service, the basis for any opinion on the etiology of the present disability cannot be based on the disability existing prior to service. The probative evidence of record establishes that the Veteran was treated for back strain in service. As the Veteran is considered sound at entry into service, the evidence establishes that his back impairment first manifested in service. The Veteran and his wife also testified at the May 2014 Board hearing regarding the Veteran's back symptoms. At that time, the Veteran reported that he has experienced recurrent back pain since service to the present time, and his spouse reported that the Veteran has experienced recurrent back pain since she married him after service. 

Notwithstanding the VA physician's dismissal of the Veteran's and his wife's lay statements, their statements are considered credible lay assertions of the Veteran having back pain since service. It is consistent with the Veteran's service treatment records noting back strain in service. Current diagnoses of record also include degenerative changes in the back, which is a chronic condition, which can be established by evidence of continuity of symptomatology from the time of service until the present, even where the chronicity of the back disability manifested during service either has not been established or might reasonably be questioned. See 38 C.F.R. § 3.303(b).

After a careful review of the all of the medical and lay evidence of record, the Board, in its role as a finder of fact, finds that the Veteran's reports of in-service symptoms concerning his back, the military records showing treatment for back strain in service, and the competent and credible assertions of back pain since service are persuasive evidence in favor of service connection. Accordingly, applying the benefit of the doubt doctrine, all doubt is resolved in favor of the Veteran. See 38 C.F.R. § 3.102. Therefore, the Veteran's claim for service connection for a back disability, characterized as degenerative arthritis in the back, is granted.

The Veteran's service connection claim for a back disability has been considered with respect to VA's duty to notify and assist. Given the favorable outcome noted below, no conceivable prejudice to the Veteran could result from this adjudication. See Bernard v. Brown, 4 Vet. App. 384, 393 (1993). 


ORDER

Entitlement to service connection for a low back disability, characterized as degenerative arthritis in the back, is granted.




S. L. Kennedy
Veterans Law Judge, Board of Veterans' Appeals



Department of Veterans Affairs