﻿Citation Nr: AXXXXXXXX
Decision Date: 10/30/19 Archive Date: 10/30/19

DOCKET NO. 190131-2134
DATE: October 30, 2019

ORDER

Readjudication of the claim for service connection for PTSD is warranted.

Entitlement to a total disability rating based on individual unemployability (TDIU) is denied.

REMANDED

Entitlement to service connection for headaches is remanded.

Entitlement to service connection for a psychiatric disability, to include PTSD, is remanded.

FINDINGS OF FACT

1. New evidence was received after the February 2012 denial that is relevant to the issue of entitlement to service connection for PTSD.

2. The Veteran does not have any service-connected disabilities.

CONCLUSIONS OF LAW

1. The criteria for readjudicating the claim for service connection for PTSD have been met. 84 Fed. Reg. 138, 169 (Jan. 18, 2019) (codified at 38 C.F.R. § 3.156(d)).

2. The criteria for entitlement to a TDIU are not met. 38 U.S.C. §§ 1155, 5107; 38 C.F.R. § 4.16.

REASONS AND BASES FOR FINDINGS AND CONCLUSIONS

The Veteran served on active duty with the United States Army from December 1967 to November 1969.

In a September 2015 rating decision, the RO denied claims of service connection for headaches and PTSD because new and material evidence sufficient to reopen those previously denied claims had not been received. The Veteran’s Notice of Disagreement was received in September 2016. 

In May 2018, the Veteran elected to opt in to the modernized review system. 84 Fed. Reg. 138, 177 (Jan. 18, 2019) (codified at 38 C.F.R. § 19.2(d)). The Veteran selected the Higher-Level Review lane when he opted into the Appeals Modernization Act (AMA) review system by submitting a Rapid Appeals Modernization Program (RAMP) election form. Accordingly, the RO issued a RAMP rating decision in December 2018, that considered the evidence of record as of the date VA received the RAMP election form. In that decision, the RO: (a) considered the claim of service connection for headaches, but confirmed and continued the previous denial; (b) continued the denial of service connection for PTSD because the evidence submitted was not new and relevant; and, (c) denied entitlement to a TDIU. The Veteran timely appealed these determinations to the Board and requested the “evidence submission” lane which allows for the submission of evidence within 90 days of the RAMP NOD. 

Although not explicitly indicated, it is apparent that the RO made an initial finding in the December 2018 RAMP rating decision that the Veteran had submitted new and relevant evidence sufficient to warrant readjudication of the previously denied claim of service connection for headaches. The Board is bound by this favorable finding. 84 Fed. Reg. 138, 167 (Jan. 18, 2019) (38 C.F.R. § 3.104(c)).

The new and material evidence issue regarding PTSD has been recharacterized to reflect the applicable evidentiary standard. 84 Fed. Reg. 138, 172, 177 (Jan. 18, 2019) (codified at 38 C.F.R. §§ 3.2501(a)(1), 19.2). 

New and Relevant Evidence

1. Whether new and relevant evidence was presented to warrant readjudicating the claim for service connection for PTSD

The Veteran contends that he submitted evidence with his legacy system petition to reopen a claim for service connection for PTSD that is new and relevant and warrants readjudication of the issue. 

VA will readjudicate a claim if new and relevant evidence is present or secured. 84 Fed. Reg. 138, 169 (Jan. 18, 2019) (codified at 38 C.F.R. § 3.156 (d)). “Relevant evidence” is evidence that tends to prove or disprove a matter in issue. 84 Fed. Reg. 138, 172 (Jan. 18, 2019) (codified at 38 C.F.R. § 3.2501 (a) (1)). 

The questions in this case are whether the Veteran submitted evidence after the prior final denial of his claim for service connection for PTSD in the legacy system, and if so, whether the evidence is new and relevant to his claim.

The Veteran submitted new evidence after the prior final rating decision denial in the legacy system that is relevant to his claim. The Veteran submitted private treatment records, VA treatment records, and new statements. This evidence was not already of record and may prove or disprove the nexus element of the claim for service connection for PTSD. Reajudication of the claim is warranted.

2. Entitlement to a TDIU

Under 38 C.F.R. § 4.16 (a), a TDIU rating may be assigned in cases in which the veteran is unable to secure or follow a substantially gainful occupation as a result of service-connected disabilities, provided that either the veteran’s single service-connected disability is ratable at 60 percent or more; or, if the veteran has two or more service-connected disabilities, one of the disabilities is ratable at 40 percent or more and the others bring the combined rating to 70 percent or more. 

Disabilities resulting from a common etiology will be considered as one disability for TDIU purposes. 38 C.F.R. § 4.16 (a)(2).

A service-connected disability is a basic threshold eligibility requirement for a TDIU claim. 38 C.F.R. § 4.16. In this case, the Veteran does not have any service-connected disabilities. Nonservice-connected disabilities cannot serve as a basis for entitlement to a TDIU. Since the Veteran’s TDIU claim does not meet the threshold eligibility criteria, it lacks legal merit or legal entitlement and the claim must be denied as a matter of law. See Sabonis v. Brown, 6 Vet. App. 426, 430 (1994).

Remand of issues to the AOJ are limited in RAMP cases to those necessary to correct pre-decisional duty to assist or notification errors. As there have been no pre-decision duty to assist or notify errors on this claim alone, the Board finds that a remand is not warranted. Scott v. McDonald, 789 F.3d 1375, 1381 (Fed. Cir. 2015) (“[a] veteran’s interest may be better served by prompt resolution of his claims rather than by further remands to cure procedural errors that, at the end of the day, may be irrelevant to final resolution and may indeed merely delay resolution”).

REASONS FOR REMAND

1. Entitlement to service connection for headaches.

The Veteran contends that his migraine headaches were aggravated by active military service. 

Veterans are presumed sound except as to conditions noted at entry into service. 38 U.S.C. § 1111. While the Veteran self-reported frequent or severe headache on the September 1967 report of medical history, the September 1967 induction report of medical examination reflects a normal neurological clinical evaluation. Consequently, the Veteran is presumed to have been sound at entry into service with respect to a headache disorder. 

In order to rebut the presumption of soundness, there must be clear and unmistakable evidence that the Veteran had a migraine headache disability that existed prior to service and was not aggravated by service. See VAOPGCPREC 3-2003; Wagner v. Principi, 370 F.3d 1089 (Fed. Cir. 2004). If VA is unable to rebut the presumption of soundness; then the claim becomes one for service connection based on incurrence of disability in service. In this case, the claims file contains numerous statements from the Veteran that he suffered from headaches as a child and teenager. As the September 2017 VA examiner did not address the issue of whether there was clear and unmistakable evidence that the migraine headaches were not aggravated during service, a new examination and opinion should be obtained. The Board finds the September 2017 examination incomplete, and that is a pre-decisional duty-to-assist error requiring remand. 

2. Entitlement to service connection for a psychiatric disability, to include PTSD.

The Veteran contends that he has a diagnosis of PTSD and experienced abuse in the form of racism and attacks from white soldiers while on active duty. He reported that this abuse was so potent that he expressed discomfort with most white people and a desire to hurt those who said the wrong thing. Additionally, he reported that he had numerous article 15’s following his attacks but was able to be honorably discharged.

VA and private treatment records reflect numerous psychiatric diagnoses to include major depressive disorder (MDD) with psychotic features, anxiety disorder not otherwise specified (NOS), unspecified depression disorder, and numerous psychiatrist’s notes to rule out PTSD. 

No VA examiner has opined whether any current psychiatric disability was incurred in service because the Veteran was not afforded a VA examination. This is a pre-decisional duty to assist error requiring remand. 38 U.S.C. § 5103A (d); McLendon v. Nicholson, 20 Vet. App. 79 (2006). 

Additionally, as noted above, the Veteran has reported a physical assault in service. He has not been explicitly notified of the sources other than his service records that may corroborate his account of the assault and that evidence of behavior changes may constitute credible supporting evidence of the reported in-service assault. Thus, appropriate action should be undertaken to advise the Veteran, and to allow him the opportunity to submit additional, corroborating evidence. See Gallegos v. Peake, 22 Vet. App. 329 (2008); 38 C.F.R. § 3.304(f)(5). This is a pre-decisional duty-to-assist error requiring remand. 

The matters are REMANDED for the following action:

1. Schedule the Veteran for a VA examination by an appropriate clinician with respect to the Veteran’s service connection claim for migraine headaches.

The contents of the entire electronic claims file, to include a complete copy of this REMAND, must be made available to the examiner, and the examination report should reflect full consideration of the Veteran’s documented medical history and lay assertions.

Based on consideration of all pertinent medical and lay evidence of record, the examiner should provide an opinion with respect to the following questions:

Whether there is clear and unmistakable evidence (obvious, manifest, or undebatable) that the Veteran had a pre-existing migraine headache disability; and, if so, whether the pre-existing migraine headache disability was clearly and unmistakably not aggravated (made permanently worse) by, or during, service.

If it is determined that there is no clear and unmistakable (obvious, manifest or undebatable) evidence that the Veteran’s migraine headaches were not aggravated by service, the examiner is further requested to provide an opinion whether it is at least as likely as not (i.e., a 50 percent probability or greater) that the Veteran’s current headache disability is caused by or related to the Veteran’s active military service.

The examiner must explain the reasoning for his or her opinions including a description of the evidence relied upon and rejected in reaching such opinions.

2. Send the Veteran notice required for PTSD claims based on personal assault.

3. Ask the Veteran to describe, with as much specificity as possible, any stressors in service that he believes have contributed to his claimed psychiatric disability. For each claimed stressor, he should describe the event, the location, the date (within a two-month period, if possible), and the unit he was attached to at the time of the event.

If the Veteran provides sufficient information for any reported stressor(s), attempt to corroborate his in-service stressor(s). If more details are needed, contact the Veteran to request the information.

4. Schedule the Veteran for a psychiatric examination to determine the nature and etiology of any current psychiatric disability to include PTSD, MDD, anxiety disorder, NOS, and depression. If the Veteran has met the criteria for a diagnosis of PTSD at any time since approximately February 2012, the examiner must explain how the diagnostic criteria are met and opine whether it is at least as likely as not related to a verified in-service stressor.

If a stressor is based on an in-service personal assault, the examiner must opine whether the evidence of record, including the Veteran’s lay statements and his service records, corroborate the claim that a personal assault occurred in service (38 C.F.R. § 3.304 (f)(5)). If the examiner finds that evidence indicates that a personal assault occurred during the Veteran's active service, the examiner must opine whether any PTSD is at least as likely as not related to the in-service personal assault.

As to the other psychiatric claims, the examiner must opine whether each diagnosed disability at least as likely as not (1) began during active service; (2) is related to an in-service injury, event, or disease, to include the Veteran’s reported stressors in service.

All examination findings and results, along with complete, clearly stated rationale for the conclusions reached, must be provided.

 

 

L. B. CRYAN

Veterans Law Judge

Board of Veterans’ Appeals

Attorney for the Board Laroche, N.

The Board’s decision in this case is binding only with respect to the instant matter decided. This decision is not precedential, and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.