Citation Nr: 1730438 
Decision Date: 07/31/17 Archive Date: 08/04/17

DOCKET NO. 08-37 614 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in St. Louis, Missouri


THE ISSUE

Entitlement to service connection for Tourette's syndrome.


REPRESENTATION

Appellant represented by: Veterans of Foreign Wars of the United States


ATTORNEY FOR THE BOARD

A. Kutrolli, Associate Counsel







INTRODUCTION

The Veteran had active duty service from April 1960 to October 1960. This matter comes before the Board of Veterans' Appeals (Board) on appeal from an April 2008 rating decision from the Department of Veterans Affairs (VA) Regional Office (RO) in St. Louis, Missouri. 


FINDINGS OF FACT

1. Clear and unmistakable evidence establishes that the Veteran had Tourette's syndrome prior to entrance into active duty.

2. There is not clear and unmistakable evidence establishes that the Tourette's syndrome was not aggravated by active duty; thus it incepted during service. 


CONCLUSION OF LAW

The criteria for service connection for Tourette's syndrome have been met. 38 U.S.C.A. §§ 1110, 1111, 1131, 1153 (West 2014); 38 C.F.R. §§ 3.159, 3.303, 3.306 (2016).


REASONS AND BASES FOR FINDINGS AND CONCLUSION

The issue before the Board is entitlement to service connection for Tourette's syndrome. The Veteran contends that he began experiencing symptoms of Tourette's syndrome while in service and that he received a misdiagnosis of his disorder at that time. There are references to symptoms occurring prior to service in his service treatment records (STRs). However, Tourette's syndrome is not noted in the Veteran's entrance examination.

Every Veteran shall be taken to have been in sound condition when examined, accepted, and enrolled for service, except as to defects, infirmities, or disorders noted at the time of the examination, acceptance, and enrollment, or where clear and unmistakable evidence demonstrates that the injury or disease existed before acceptance and enrollment and was not aggravated by such service. 38 U.S.C.A.
§ 1111; 38 C.F.R. § 3.304(b). This statutory provision is referred to as the "presumption of soundness." Horn v. Shinseki, 25 Vet. App. 231, 234 (2012). To rebut the presumption of sound condition, VA must show by clear and unmistakable evidence both that the disease or injury existed prior to service and that the disease or injury was not aggravated by service. Wagner v. Principi, 370 F.3d 1089, 1093 (Fed. Cir. 2004). 

Clear and unmistakable evidence is a more formidable evidentiary burden than the preponderance of the evidence standard. Vanerson v. West, 12 Vet. App. 254, 258 (1999). It is an onerous evidentiary standard, requiring that the no-aggravation result be "undebatable." Cotant, 17 Vet. App. at 131; Quirin v. Shinseki, 22 Vet. App. 390, 396 (2009) (noting that clear and undebatable means that the evidence cannot be misinterpreted or misunderstood).

Tourette's syndrome is not noted in his April 1960 enlistment examination, which instead reported a normal neurologic system. The Veteran's STRs then show reports and complaints of nervousness, twitching, jerking of the head, and a diagnosis of immaturity with symptomatic habit reaction. These records also reveal that the Veteran reported suffering from a skull fracture at the age of 6 or 7. He then reports experiencing nervousness, twitching and jerking of his head since that injury. He also reported that these symptoms were alleviated somewhat after psychiatric counseling, but that after the deaths of his parents, prior to service, his symptoms returned.

In a September 1995 VA examination report, the examiner confirmed a diagnosis of Tourette's syndrome, but did not provide an opinion regarding a possible relationship between the Tourette's syndrome and service. In a January 2008 letter, a private physician Dr. MH, noted that he reviewed affidavits from the Veteran's brother, a long-term friend, the Veteran, VA records from 1960, and recent VA records. Based upon this history, the physician opined that Tourette's syndrome began clinically at the time of his entrance into service. 

In an April 2008 VA examination report, the examiner opined that the Tourette's syndrome more likely than not occurred before service and was not service-related. The examiner also noted that the evidence did not support a finding that service permanently aggravated the Tourette's syndrome. But the examiner did not have the claims file available for review prior to providing his opinions and also failed to use the appropriate standard in evaluating the Veteran. In an October 2010 letter, the Veteran's private doctor, Dr. P.K., opined that the Tourette's syndrome was first noted at the age of 18, while in service. 

In a November 2010 VA examination report, the examiner found that the Veteran's Tourette's syndrome began prior to service. The examiner did not use the appropriate standard and failed to provide an opinion with regard to whether any pre-existing Tourette's syndrome was aggravated by military service. A December 2011 VA opinion was obtained which found that the disorder pre-existed and was not permanently aggravated by service. A June 2014 VA opinion was also obtained. The examiner found that the syndrome was a childhood disorder, not caused or aggravated by military service. However, the examiner used an incorrect standard. 

The Board then requested a VHA opinion in August 2015 because there was not yet an adequate medical opinion of record. The VHA examiner initially returned a June 2015 report that was determined inadequate by the Board, and an addendum was requested. In the addendum, the VHA examiner opined that the Veteran's Tourette's syndrome was clearly and unmistakably not aggravated by service, but used a double negative in the next sentence: The answer to the question above [i.e., was the Tourette's syndrome clearly and unmistakably not aggravated by service] in my opinion is 'no.' So, in other words, I feel that [the Veteran's] Tourette's Syndrome was not clearly and unmistakably not aggravated by his service. 

The Board then denied the Veteran's claim, in reliance of the VHA addendum opinion. A subsequent remand from the Court of Appeals for Veterans Claims found that the VHA examiner's use of a double negative in the addendum rendered the opinion inconsistent and therefore inadequate. In December 2016, the Board again remanded the matter for another VA examination and medical opinion. Again, the examiner used the wrong standard. 

However, it is clear after reviewing the evidence that it is not undebatable that the Tourette's syndrome both preexisted service and was not aggravated beyond the natural progression of the disease. Therefore, the presumption of soundness is not rebutted and the Board finds that the Veteran's first symptoms (for benefits purposes) were noted in service and have continued to the present. Accordingly, service connection for Tourette's syndrome is warranted. 


ORDER

Service connection for Tourette's syndrome is granted.



____________________________________________
BRADLEY W. HENNINGS
Veterans Law Judge, Board of Veterans' Appeals



Department of Veterans Affairs