﻿Citation Nr: AXXXXXXXX
Decision Date: 03/31/20 Archive Date: 03/31/20

DOCKET NO. 190829-32938
DATE: March 31, 2020

REMANDED

Entitlement to service connection for an acquired psychiatric disorder, to include posttraumatic stress disorder (PTSD) related to Military Sexual Trauma (MST), is remanded.

REASONS FOR REMAND

The Veteran served honorably in the United States Army from August 2007 to February 2008.

This appeal stems from a May 2019 rating decision issued under the provisions of the Veterans Appeals Improvement and Modernization Act, Pub. L. No. 115-55 (to be codified as amended in scattered sections of 38 U.S.C.), 131 Stat. 1105 (2017), also known as the Appeals Modernization Act (AMA). This law creates a new framework for veterans dissatisfied with the Department of Veterans Affairs' (VA) decision on their claim to seek review. The Veteran chose Direct Review by a Veterans Law Judge. This Board decision is consistent with the new AMA framework.

The issue of entitlement to service connection for PTSD related to MST has been recharacterized as entitlement to service connection for an acquired psychiatric disorder, to include PTSD related to MST, in accordance with Clemons v. Shinseki, 23 Vet. App. 1 (2009).

The Veteran contends that his acquired psychiatric disorder is the result of his military service. Specifically, he contends that he was the victim of in-service sexual trauma. He underwent a VA PTSD examination in January 2019. He was diagnosed with PTSD, unspecified personality disorder, and major depressive disorder, recurrent. severe. The Veteran reported experiencing childhood sexual abuse and undergoing psychiatric treatment prior to entering service. The examiner opined that the psychiatric disorder was not the result of military service. The examiner found that the Veteran experienced mental health issues prior to entering service and that his symptoms were exacerbated by his claimed in-service trauma. In addition, the examiner found that the Veteran’s childhood trauma and related psychological trauma were seen as the primary source of the Veteran’s PTSD. Furthermore, the examiner noted key inconsistencies in the Veteran’s claimed in-service trauma with no evidence that the trauma actually occurred. 

Every veteran shall be taken to have been in sound condition when examined, accepted, and enrolled for service, except as to defects, infirmities, or disorders noted at the time of the examination, acceptance, and enrollment, or where clear and unmistakable evidence demonstrates that the injury or disease existed before acceptance and enrollment and clear and unmistakable evidence demonstrates that the injury or disease was not aggravated by service. 38 U.S.C. § 1111 (2012); 38 C.F.R. § 3.304 (b)(2019); Wagner v. Principi, 370 F.3d 1089 (Fed. Cir. 2004) (outlining the presumption of soundness).

Review of the service treatment records (STRs) reveal that the Veteran's enlistment examination does not disclose any psychiatric conditions. When no preexisting condition is noted upon entry into service, the Veteran is presumed to have been sound upon entry. The burden then falls on the government to rebut the presumption of soundness by clear and unmistakable evidence that the veteran's disability was both preexisting and not aggravated by service. 38 U.S.C. § 1111. 

The VA has a duty to assist veterans in developing their claims for benefits. 38 C.F.R. § 3.159. The duty to assist including providing a medical examination when necessary to decide a claim. 38 C.F.R. § 3.159 (c)(4). When VA undertakes to provide a VA examination or obtain a VA opinion, it must ensure that the examination or opinion is adequate. Barr v. Nicholson, 21 Vet. App. 303, 312 (2007).

The Board finds that the VA examiner’s conclusion that the Veteran had a preexisting psychiatric condition is insufficient to rebut the presumption of soundness. Accordingly, a remand is necessary for an addendum VA medical opinion regarding the nature and etiology of any acquired psychiatric disorder. 

The matter is REMANDED for the following action:

1. Obtain an addendum VA medical opinion from the examiner who conducted the January 2019 VA PTSD examination. The examiner should review the Veteran’s claims file and make a notation that the claims file has been reviewed. If the examiner determines that an opinion cannot be provided without an examination, the Veteran should be scheduled for one. If the January 2019 VA examiner is unavailable, then forward the claims file to a medical professional with appropriate expertise. Based on a review of the record, and a new examination if necessary, the examiner must address the following:

(a.) Is there clear and unmistakable evidence (undebatable/near certain) that a psychiatric condition pre-existed active service?

(b.) If so, is there also clear and unmistakable evidence that the preexisting disability was NOT aggravated beyond its natural progression by the subsequent active service? 

(c) If a preexisting disability is not found, then is it as least as likely as not (probability of 50 percent or greater) that any psychiatric condition present was incurred in, or is related to active service, including the claimed in-service sexual trauma?

The term “at least as likely as not” does not mean within the realm of medical possibility, but rather that the medical evidence both for and against a certain conclusion is so evenly divided that it is as medically sound to find in favor of such a conclusion as it is to find against it.

(d) If PTSD is diagnosed, the underlying stressor or stressors which are the basis for the diagnosis must be set out. If PTSD is diagnosed, the examiner should document how the PTSD diagnosis meets the DSM-V criteria. 

(Continued on the next page)

 

In rendering this opinion, the examiner is advised that the Veteran is competent to report his symptoms and history. Such reports must be acknowledged and considered in formulating any opinion. If the medical professional rejects the Veteran’s reports, he or she must provide an explanation for such rejection. 

A complete rationale must be provided for all opinions presented. If the medical professional cannot provide an opinion without resorting to mere speculation, he or she shall provide a complete explanation for why an opinion cannot be rendered. In so doing, the medical professional shall explain whether the inability to provide a more definitive opinion is the result of a need for additional information, or that he or she has exhausted the limits of current medical knowledge in providing an answer to that particular question(s).

 

 

G. A. WASIK

Veterans Law Judge

Board of Veterans’ Appeals

Attorney for the Board J.T. Massey, Associate Counsel

The Board’s decision in this case is binding only with respect to the instant matter decided. This decision is not precedential and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.