﻿Citation Nr: AXXXXXXXX
Decision Date: 09/29/20 Archive Date: 09/29/20

DOCKET NO. 191118-48056
DATE: September 29, 2020

ORDER

Service connection for aggravation of a pre-existing right femur fracture is granted.

Service connection for a right knee disability is granted.

FINDINGS OF FACT

1. The Veteran had a pre-existing right femur fracture without sequela at the time of entry into service.

2. The Veteran’s pre-existing right femur fracture underwent an increase in severity during service, and the most probative evidence of record does not show that the increase in severity was clearly and unmistakably due to natural progression. 

3. The Veteran’s right knee disability, as likely as not, had its onset during service. 

CONCLUSIONS OF LAW

1. As the presumption of aggravation of a pre-existing left femur fracture has not been rebutted, the criteria for aggravation of a pre-existing right femur fracture have been met. 38 U.S.C. §§ 1110, 1153, 5107; 38 C.F.R. §§ 3.102, 3.303, 3.304, 3.306.

2. The criteria for service connection for a right knee disability have been met. 38 U.S.C. §§ 1110, 5107; 38 C.F.R. §§ 3.102, 3.303, 3.304.

REASONS AND BASES FOR FINDINGS AND CONCLUSIONS

The Veteran served on active duty from April 1974 to February 1975. 

This case is before the Board of Veterans’ Appeals (Board) on appeal from an October 2019 Department of Veterans Affairs (VA) Regional Office (RO) rating decision. In that rating decision, the RO denied service connection for a right leg condition and a right knee condition.

The Veteran’s VA Form 10182 notice of disagreement (NOD) was received in November 2019, and, the Veteran selected the Hearing docket. 

In June 2020, the Veteran testified at a video conference hearing before the undersigned Veterans Law Judge (VLJ). A transcript of that testimony is of record.

In the Hearing docket, the Board may only consider (i) evidence of record at the time of the agency of original jurisdiction (AOJ) decision on appeal, which in this case is the October 2019 rating decision; and (ii) any evidence submitted by the Veteran [or his representative] at the hearing or within 90 days following the hearing. 38 C.F.R. § 20.302(a). 

Service Connection

Service connection will be granted if the evidence demonstrates that a current disability resulted from an injury or disease incurred in or aggravated by active military, naval or air service. 38 U.S.C. § 1110; 38 C.F.R. § 3.303(a). Establishing service connection generally requires competent evidence of three things: (1) a current disability; (2) in-service incurrence or aggravation of a disease or injury; and (3) a causal relationship, i.e., a nexus, between the claimed in-service disease or injury and the current disability. Holton v. Shinseki, 557 F.3d 1362, 1366 (Fed. Cir. 2009); 38 C.F.R. § 3.303(a). 

Every Veteran is presumed to be in sound condition when examined, accepted, and enrolled for service, except as to defects, infirmities, or disorders noted at the time of the examination, acceptance, and enrollment, or where clear and unmistakable evidence demonstrates that the injury or disease existed before acceptance and enrollment and was not aggravated by such service. 38 U.S.C. § 1111. The Federal Circuit has distinguished between those cases in which the preexisting condition is noted upon entry into service, and cases in which the preexistence of the condition must otherwise be established. See Wagner v. Principi, 370 F.3d 1089, 1096 (Fed. Cir. 2004).

To be "noted" within the meaning of the presumption of soundness statute, the condition must be recorded in the entrance examination report. 38 U.S.C. § 1111; Crowe v. Brown, 7 Vet. App. 238, 245 (1994). History of pre-service existence of a disease does not constitute notation of such condition. Id. at 240. However, the disease need not be symptomatic at the time of the evaluation, so long as a diagnosis is provided. See Verdon v. Brown, 8 Vet. App. 529, 530 (1996).

If a preexisting disorder is noted upon entry into service, the veteran cannot bring a claim for service connection for that disorder, but may bring a claim for service-connected aggravation of that disorder. Id.; see also 38 U.S.C. § 1153. A presumption of aggravation arises if there is an increase in the pre-existing disability. If the presumption of aggravation under section 1153 arises, the burden shifts to the government to show a lack of aggravation by establishing "that the increase in disability is due to the natural progress of the disease. " 38 U.S.C. § 1153; see also 38 C.F.R. § 3.306; Jensen, 19 F.3d at 1417.

1. Service connection for a right leg disability

2. Service connection for a right knee disability

The Veteran seeks service connection for disabilities of the right leg and the right knee. The Veteran asserts that he had a pre-existing fracture of the right leg that was aggravated during service. See, e.g. Fully Developed Claim dated April 2019.

Initially, in the October 2019 rating decision the RO found that the Veteran has (i) a current right knee disability and (ii) a current right leg disability. VA treatment records are consistent with those findings, and the Board is bound by favorable findings in the Rating Decision on appeal. 38 C.F.R. § 3.104(c). Therefore, the first element of each service connection claim is met, and the dispositive question becomes whether the disabilities are caused or incurred, or aggravated, by service. 

On his March 1974 Report of Medical History at entry into service, the Veteran checked the box marked “yes” corresponding to whether he had (or now has) “broken bones.” In the narrative section of the examination report, the examiner indicated that the Veteran had a fractured right femur [without] seq[uela]. See Dorland’s Illustrated Medical Dictionary, Appendix 3, 2128 (32nd Ed. 2012) (the generally accepted medical symbol for “without” is a horizontal line above a lowercase “s”). 

As the Veteran’s pre-existing right femur fracture was noted by the pre-induction examiner, service connection for a right leg disability must be based on aggravation. As such, the question before the Board is whether the pre-existing right femur fracture underwent an increase in disability during service; and, if so, whether such increase in disability was clearly and unmistakably due to the natural progress. 

August 1974 Service Treatment Records (STRs) show that the veteran complained of knee pain that was related to an “old injury.” The treating clinician noted pain on walking and running, but that the knee was stable with patellar tenderness. The examiner assessed chondromalacia in the right knee and prescribed heat and Wintergreen. 

The Veteran was treated again approximately ten days later, in August 1974. The STR reflects complaint of pain in the right knee and tenderness in the patellar tendon, and the Veteran was prescribed exercises. The assessment was patellar chondromalacia right knee. The Veteran was placed on a temporary profile for 10 days.

A February 1975 Report of Medical History indicates that the Veteran was treated for a broken leg in September 1965, and diagnosed with fractured femur which kept him in the hospital for two weeks.

The Veteran was afforded a VA examination for the right knee and leg in May 2019. The examiner reviewed the STRs and acknowledged the March 1974 note of a pre-service fractured femur, and noted the August 1974 treatment of right knee pain. The Veteran reported that when he entered the military, he had swelling in the right knee and pain in his right thigh; he reported that the conditions have worsened with age and he now has flare ups 2-3 times per week. The examiner opined that the Veteran’s right knee condition is less likely than not incurred in or caused by service. In so opining the examiner cited the above listed evidence from the STRs, but did not provide a rationale in support of the opinion.

At a July 2019 VA physical therapy visit, the Veteran reported that he was in the midst of a 7-8 month pain episode in the right knee. He denied any injury or accident recently, and reported that he broke his leg decades ago but otherwise had no history of injury to the right knee.

In September 2019, a VA examiner reviewed the Veteran’s claims file and was asked to opine as to whether the Veteran’s pre-service femur fracture was aggravated by right knee pain in service. The examiner noted the March 1974 STR showing a pre-service femur fracture, and noted no sequelae. The examiner conducted a telephone interview with the Veteran. The Veteran reported right knee pain, worsening over the previous several months, and reported that he cannot put full weight on the right knee. The examiner instructed the Veteran to present for an x-ray, and then based on the results to pursue physical therapy. The examiner opined that the pre-service right femur condition is not greater than the baseline--that is, the level of disability at the time that the Veteran entered service. Specifically, the examiner noted that there is no indication that the femur fracture was aggravated; the examiner noted “no x-ray evidence or imaging to show deformity or injury to the femur because of the knee complaints. No indication of any aggravation of the healed fracture of the femur was found in record review.”

VA treatment records from June 2018 to March 2020 reflect complaints of right knee pain.

At the June 2020 Board hearing, the Veteran described in-service wear and tear on his knee, including speed marching and running during basic training and during Advanced Infantry Training. He reported that he fell off of a pole that was approximately 20 feet high during exercises at a field wireman course. Importantly, the Veteran reported that at the time that he entered service, he felt physically able and without restriction, though at times he limped. He reported that he had extreme pain on a daily basis during in-service training. He reported that during service and upon discharged, he experienced swelling and increased pain in the leg that has continued to the present and now causes him to use a cane and a knee brace.

The record contains a letter prepared by a private physician, and received in July 2020, in which the private physician opined that the Veteran’s pre-service right leg femur fracture was as likely as not aggravated by military activities including speed marching, crawling, and other strenuous military activities, which aggravated pain and swelling in the leg.

The physician further opined that the right knee condition at least as likely as not began during service. In so finding, the physician noted the repeated in-service treatment visits and assessments of chondromalacia patella. Further, the physician noted that the Veteran’s right knee pain has continued and worsened since discharge with flare-ups now occurring 2-3 times per week. The physician noted limited ability to walk longer distances and limited range of motion with knee stiffening and loss of strength. The physician noted that chondromalacia patella often leads to osteoarthritis where the patella and femur meet, which he noted is the Veteran’s condition.

Accordingly, the record contains conflicting opinions as to whether the right knee and right leg disabilities are related to service. Accordingly, the Board weighs the probative value of each opinion, and if the evidence is in equipoise, then service connection is warranted. The following factors are considered when evaluating the probative value of medical opinions: (1) whether the examiner is informed of the pertinent factual premises i.e. medical history of the case; (2) whether the examiner provides a fully articulable opinion, avoiding speculative language that does not provide the certainty needed for medical nexus evidence; and, (3) whether the opinion is supported by a reasoned analysis. See Nieves-Rodriguez v. Peake, 22 Vet. App. 295, 303-4 (2008).

Weighing against the claim is the May 2019 VA examiner’s negative opinion and the September 2019 VA examiner’s opinion.

First, the May 2019 VA examiner did not provide a rationale in support of the negative nexus opinion. For that reason, the opinion carries no probative value. Nieves-Rodriguez, 22 Vet. App. at 303-4. Furthermore, the opinion does not address whether the condition was aggravated during service.

The September 2019 VA examiner addressed aggravation, and in opining that the pre-service right femur condition was not aggravated in service, the examiner reviewed the STRs, and conducted a telephone interview with the Veteran. The opinion was based on a finding of “no indication of any aggravation of the healed [pre-service femur] fracture.” However, the Veteran has consistently reported swelling and increased pain in his right knee and thigh during and after service, including at the May 2019 VA examination, the June 2020 Board Hearing, and with the private physician who prepared the July 2020 nexus opinion. As there is no reason to doubt the Veteran’s credibility in that regard, the September 2019 opinion against a nexus was formed without addressing the Veteran’s important contention that he in fact experienced increased residuals during service, and ever since. Accordingly, the September 2019 opinion is assigned less probative value. 

On the other hand, the July 2020 private examiner’s opinion for each disability is based on a review of the Veteran’s STRs and VA treatment records, and considers the Veteran’s credible lay statements. Based on the medical history before him, the examiner provided a thorough and reasoned rationale supported by the evidence in the record. See, generally, Nieves-Rodriguez, 22 Vet. App. at 303-4.

Based on the most probative evidence of record, which includes the Veteran’s credible lay statements of pain in the thigh during service, the Veteran’s pre-existing left femur fracture underwent an increase in disability during service. Moreover, the record does not include clear and unmistakable evidence that the increase in disability was due to the natural progression. As the presumption of aggravation is not rebutted, service connection for aggravation of the pre-existing right leg femur fracture is warranted. 

In addition, the Veteran’s STRs do not show a pre-existing right knee disability, or otherwise suggest that the Veteran’s pre-existing right femur fracture involved his right knee. Rather, they show that the Veteran was treated for right knee chondromalacia patella during service, and the probative evidence of record is at least evenly balanced as to whether the Veteran’s current right knee disability had its onset during service. Accordingly, service connection for a right knee disability is warranted.

 

L. B. CRYAN

Veterans Law Judge

Board of Veterans’ Appeals

Attorney for the Board B. KAYS HUKILL

The Board’s decision in this case is binding only with respect to the instant matter decided. This decision is not precedential and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.