Citation Nr: AXXXXXXXX
Decision Date: 06/30/21 Archive Date: 06/30/21

DOCKET NO. 200123-58725
DATE: June 30, 2021

REMANDED

Entitlement to service connection for bilateral pes planus is remanded.

Entitlement to service connection for a thoracolumbar spine disorder is remanded.

Entitlement to service connection for migraine headaches is remanded.

REASONS FOR REMAND

The Veteran had honorable active military service from January 1999 to November 20, 2002. The Veteran's period of service from November 20, 2002 to December 2007 is characterized as dishonorable. Thus, disability compensation may be paid for current disabilities etiologically related to his honorable period of active service; however, disability benefits are not payable for disabilities etiologically related to the Veteran's period of dishonorable active service. See 38 C.F.R. §§ 3.1(d); 3.4(b) 3.303.

A rating decision was issued under the legacy system in June 2015. The Veteran initiated an appeal of that rating decision by filing a notice of disagreement in June 2015. Following the issuance of a March 2017 statement of the case, the Veteran perfected his appeal by filing a VA Form 9, Substantive Appeal, in April 2017. 

In October 2018, the Veteran opted into the modernized review system, also known as the Appeals Modernization Act (AMA), by submitting a Rapid Appeals Modernization Program (RAMP) election form and selecting the supplemental claim lane. The agency of original jurisdiction (AOJ) issued a RAMP supplemental claim rating decision on January 23, 2019. The Veteran received notice of that rating decision on January 29, 2019. VA received a notice of disagreement (NOD) to appeal his claims for service connection for bilateral knee disorders, bilateral pes planus, a thoracolumbar spine disorder, and for migraine headaches to the Board of Veterans' Appeals (the Board) on January 23, 2020.

The Board notes two additional procedural aspects of the Veteran's appeal. First, a veteran may elect only one review option for an issue adjudicated in a rating decision and must await a new rating decision or a Board decision on the issue before again requesting review. See 38 U.S.C. § 5104C(a) (permitting a claimant to pursue review options in succession with respect to a specific claim or issue but prohibiting concurrent election of multiple review options); 38 C.F.R. § 3.2500. 

These provisions impact whether his claims for service connection for a right knee disorder, a left knee disorder, and a thoracolumbar spine disorder and all three are enumerated in his January 2020 NOD. The Board concludes that the Veteran did not properly appeal his claims for service connection for right and left knee disorders to the Board in January 2020; however, he did properly appeal his claim for service connection for a thoracolumbar spine disorder to the Board in January 2020, which precluded his election to file a supplemental claim in July 2020.

With respect to his claims for service connection for bilateral knee disorders, the Veteran filed a June 2019 supplemental claim seeking service connection for bilateral knee disorders after notification of the January 2019 rating decision. Those claims were denied in a September 2019 rating decision. The Veteran then sought higher-level review in November 2019. These successive elections for review of rating decisions denying entitlement to service connection for bilateral knee disorders precluded the Veteran from appealing both the January 2019 rating decision and the September 2019 rating decision to Board in his January 2020 NOD. The Veteran had already elected the option of a supplemental claim to review the January 2019 rating decision's denial of his claims for service connection for bilateral knee disorders, and his request for higher level review was pending when VA received his January 2020 NOD. Accordingly, these two issues are not before the Board in the instant appeal despite their inclusion in the January 2020 NOD. 

With respect to his claim for service connection for a thoracolumbar spine disorder, the Veteran's July 2020 supplemental claim was improper. The Veteran had at that time already appealed his entitlement to service connection for a thoracolumbar spine disorder the Board in his January 2020 NOD. Applicable laws and regulations prohibit the election of concurrent review options.. Because the Veteran had already appealed the issue of entitlement to service connection for a thoracolumbar spine disability in January 2020, the development and adjudication by the AOJ in an August 2020 rating decision was spurious and the issue is properly before the Board. See 38 U.S.C. § 5104C(a); 38 C.F.R. § 3.2500.

The second procedural issue concerns the Veteran's request for a hearing. In August 2020, the Veteran requested that his appeal be transferred from the Board's direct docket to its hearing docket. However, in March 2021, the Veteran indicated that he wanted his appeal to remain on the Board's direct docket. Thus, the Veteran's election for the Board's direct docket in his January 2020 NOD is undisturbed, and the Board's review is based on the evidence of record before the AOJ at the time of the January 23, 2019 rating decision.

1. Entitlement to Service Connection for Bilateral Pes Planus

The Board concludes that a pre-decisional duty to assist error occurred in the adjudication in January 2019 rating decision, and a remand is needed to obtain a VA examination for the Veteran's bilateral pes planus.

The Veteran's bilateral pes planus was noted upon entry and recorded in his December 1998 examination report. See 38 C.F.R. § 3.304(b). Accordingly, the Veteran may only bring a claim for service-connected aggravation of pes planus. See 38 U.S.C. § 1153; 38 C.F.R. § 3.306; Wagner v. Principi, 370 F.3d 1089, 1096 (Fed. Cir. 2004). 

The Veteran's service treatment records document various complaints regarding his lower extremities. For instance, he fell down a ladder well in January 2001, and was treated for a left ankle sprain. He also reported painful knees in November 2001. The Veteran also sprained his left ankle in June 2003. Given the number of events during active service involving the Veteran's lower extremities and the fact that he is service connected for a left ankle disability, the Board concludes that the AOJ should have afforded the Veteran a VA examination to determine whether the Veteran's bilateral pes planus underwent any increase in severity during his period of honorable active military service. 

2. Entitlement to Service Connection for a Thoracolumbar Spine Disorder

The Veteran contends that he is entitled to service connection for a thoracolumbar spine disability. 

The Board concludes that the AOJ made a pre-decisional duty to assist error insofar as it did not afford the Veteran a VA examination for a thoracolumbar spine disability. The January 2019 rating decision favorably found that the Veteran has a current diagnosis of arthritis of the thoracolumbar spine migraine. The AOJ found no in-service event. However, June 2001 service treatment records document complaints of back pain. The Board cannot make a determination that his current thoracolumbar spine disability is not etiologically related those in-service complaints. See Colvin v. Derwinski, 1 Vet. App. 171, 175 (1991). January 2001 service treatment records also document that the Veteran fell down a ladder well. 

Given the Veteran's current diagnosis and in-service complaints, he should be afforded a VA examination to determine the etiology of his current arthritis of the thoracolumbar spine.

3. Entitlement to Service Connection for Migraine Headaches

The Veteran contends that he is entitled to service connection for migraine headaches. January 2018 VA treatment records document treatment for headaches. Service treatment records document complaints of headaches in February 2000 and June 2001. The AOJ noted these complaints in the January 2019 rating decision; however, the AOJ concluded that those headaches were associated with acute infectious illnesses that usually resolve without complications or sequelae. The Board cannot make that determination based on its own medical judgment. See Colvin, 1 Vet. App. at 175. Given the treatment for headaches during the period on appeal and the Veteran's in-service complaints of headaches during his honorable period of active service, the Veteran should have been afforded a VA examination to determine if he has a current diagnosis for migraine headaches and, if so, whether they are associated with his in-service complaints of headaches. 

The matters are REMANDED for the following action:

1. Schedule the Veteran for a VA examination for his bilateral pes planus. The examiner must review the claims file.

The examiner is asked to provide a response to the following:

(a.) Did the Veteran's bilateral pes planus, which existed prior to service, at least as likely as not increase in severity during service?

(b.) If so, was the increase in severity clearly and unmistakably (undebatable) due to the natural progress of the disease?

Provide rationales to support to opinions proffered.

2. Schedule the Veteran for a VA examination for arthritis of the thoracolumbar spine. The examiner must review the claims file.

The examiner is asked to provide a response to the following: is arthritis of the thoracolumbar spine at least as likely as not related to service, including his in-service complaints of back pain?

Provide a rationale to support the opinion proffered.

3. Schedule the Veteran for a VA examination for migraine headaches. The examiner must review the claims file.

If a diagnosis cannot be provided but the Veteran's condition manifests in symptoms that cause functional impairment, then the examiner should consider them a "disability" for the purpose of providing the requested opinions below.

The examiner is asked to provide a response to the following: are migraine headaches, if diagnosed, at least as likely as not related to service, including complaints of headaches during active service?

Provide a rationale to support the opinion proffered. 

 

 

MICHAEL A. HERMAN

Veterans Law Judge

Board of Veterans' Appeals

Attorney for the Board Douglas M. Humphrey, Associate Counsel

The Board's decision in this case is binding only with respect to the instant matter decided. This decision is not precedential and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.