Citation Nr: AXXXXXXXX
Decision Date: 09/29/21 Archive Date: 09/29/21

DOCKET NO. 191021-40970
DATE: September 29, 2021

REMANDED

Entitlement to service connection for sinusitis is remanded.

REASONS FOR REMAND

The Veteran served in the United States Navy, from June 2009 to September 2009. The Veteran was found to be not physically qualified for the aircrew program and was discharged from service shortly thereafter.

A rating decision was issued under the legacy system in June 2017, denying service connection for sinusitis. The Veteran submitted a timely notice of disagreement in April 2018.

In January 2019, the Veteran opted into the modernized review system, also known as the Appeals Modernization Act (AMA), by submitting a Rapid Appeals Modernization Program (RAMP) election form and selecting the higher-level review (HLR) lane. The agency of original jurisdiction (AOJ) held an HLR informal conference in March 2019, with the Veteran and her attorney present. The claim of sinusitis was subsequently returned from the higher-level reviewer for a Department of Veterans Affairs (VA) examination with an aggravation opinion. In September 2019, the AOJ issued a RAMP HLR decision, which is now on appeal before the Board of Veterans' Appeals (Board). In the October 2019 VA Form 10182, Decision Review Request: Board Appeal, the Veteran elected the Evidence Submission docket. Therefore, the Board may only consider the evidence of record at the time of the RAMP opt-in, as well as any evidence submitted by the Veteran her representative with, or within 90 days from receipt of the VA Form 10182. 38 C.F.R. § 20.303.

Entitlement to service connection for sinusitis is remanded.

The Veteran contends that her current sinusitis was caused by exposure to the gas chamber in basic training at the Great Lakes Recruit Training Command.

Although the Board regrets the delay, it finds that remand is necessary to correct pre-decisional duty-to-assist errors. See 38 C.F.R. § 20.802.

A review of the record does show that the Veteran has a current diagnosis of sinusitis. As noted, the Veteran believes that the sinusitis was developed during her time in-service, specifically due to exposure to the gas chamber.

The Veteran's service treatment records (STRs) showed no significant medical history on an August 2008 entrance examination. It also specifically noted that the Veteran did not have or had never had sinusitis or hay fever. The clinical evaluation for enlistment marked the nose, sinuses, mouth, throat, ears, and eyes as normal. In June 2009, hay fever and sinusitis were again marked as negative. The Great Lakes Recruit Training Command reviewed the medical history upon entry and made no significant findings. The Veteran had another entry physical in June 2009 and the record notes no sinusitis or allergies.

The STRs first report seasonal allergic rhinitis in July 2009. The Veteran is found to have sinus inflammatory disease on an examination. In August 2009, the Veteran was again evaluated for clearance to join the Naval aircrew. The examiner noted a history of allergy symptoms along with issues clearing her left ear during flights and having sinus and ear pressure and pain during flights. She was found to have allergic rhinitis and multiple inhalant allergies and she was therefore not recommended or found fit for the Naval aircrew.

The Veteran submitted a lay statement in June 2018 in which she states that she did not have any sinus issues prior to service. She identified the symptoms as chronic congestion, headaches, sinus pain, sleep deprivation, sneezing, discharge, and breathing complications. The Veteran also stated that the issues seemed to occur right after she went through the gas chamber and battle stations training during the final weeks of basic training. The Veteran reported that she tried to continue to take medication leading up to when she was supposed to begin training for special operations. She noticed that while on flights she was unable to clear her ear and had constant sinus pressure and pain. The Veteran noted that during her final military flight physical she was told she had rhinitis and multiple inhalant allergies that culminated in automatic disqualification from special operations. The Veteran finally stated that she has sinus issues year-round now, and they have been continuous since her discharge from service in 2009.

In May 2018, the Veteran was diagnosed with allergic rhinitis, hypertrophy of nasal turbinates, chronic rhinitis, and chronic sinusitis by Dr. B.G.L. Dr. B.G.L. noted the Veteran's complaints of sinus issues for approximately the past 10 years, chronic congestion, sinus pressure, sinus pain, a reduced sense of smell, recurrent sinus infections, and year-round allergies. She also claimed that these issues are all due to her exposure to gas during military basic training.

In the March 2019 HLR informal conference, the higher-level reviewer noted that the main issue to be discussed was sinusitis. The higher-level reviewer noted that the Veteran's attorney reported that the Veteran was diagnosed in-service with inflammatory disease and the condition was aggravated enough to cause her to be discharged from service. The Veteran's attorney was reported to have argued that the VA errored in their duty to assist by not scheduling the Veteran for a VA examination with an opinion. Subsequently, the higher-level reviewer returned the claim for sinusitis for an exam and medical opinion, stating that the Veteran was denied service connection because the condition was not found to be caused by service, even though the Veteran was treated for sinus inflammatory disease and rhinitis while in service. The higher-level reviewer noted that the condition of sinusitis existed prior to service and a VA examination was needed to see whether the pre-existing condition was aggravated due to service.

In April 2019, the Veteran received a VA examination. The examiner found a current diagnosis of chronic sinusitis, that began in 2009. The examiner noted that the condition had progressively worsened since its onset and that the Veteran now experienced symptoms noted as chronic sinus inflammation, difficulty breathing, headaches, and nasal drainage. The examiner also found that the Veteran experienced more than seven non-incapacitating episodes over the past 12 months, characterized by headaches and chronic drainage. The examiner also found the Veteran to have more than three incapacitating episodes during the past 12 months due to her sinus condition as well.

The examiner noted that the claimed condition, which clearly and unmistakably existed prior to service, was clearly and unmistakably not aggravated beyond its natural progression by an in-service injury, event, or illness. The examiner stated that the Veteran was treated for sinus inflammatory disease and rhinitis while in service, and the records noted that this condition existed prior to service. It was noted that the Veteran was denied service connection because the condition was not found to be caused by service. However, the very next sentence in the examiner's rationale states that the Veteran denies any sinus conditions prior to service and the Veteran's entrance examination is silent for a pre-existing sinus condition. Therefore, the sinus condition was not pre-existing based on the presumption of soundness.

Furthermore, the Veteran's attorney submitted letters into evidence in May and June of 2019. In May 2019, the Veteran's attorney stated that the VA examination was internally inconsistent and required clarification and an addendum. Additionally, in June 2019, the Veteran's attorney claimed that the higher-level reviewer incorrectly recorded that he argued during the informal conference that the Veteran was discharged because her condition was aggravated during service. The attorney stated that this was false and that aggravation in this context implies that the condition pre-existed service, but the evidence demonstrated beyond a reasonable doubt that the sinus condition did not exist prior to service. The Veteran's attorney noted that entrance examination records did not find any eye, ear, nose, or throat issues (EENT) and that the Veteran provided statements indicating that she did not have sinus conditions prior to service. The Veteran's representative clarified that his argument during the HLR conference was that the AOJ erred in falsely claiming that these conditions pre-existed service and that the duty to assist was triggered to provide a medical exam. 

The Veteran's attorney submitted more correspondence in June 2019, stating that the issue is a duty to assist error in failing to ensure for an adequate VA examination because the VA only asked the examiner to consider whether the presumption of soundness has been rebutted. Veteran's counsel argues that the VA impermissibly limited the examiner's scope of inquiry, thereby limiting the investigation and tainting results. Finally, the Veteran's attorney claimed that the VA engaged in impermissible medical speculation in concluding that the Veteran was not diagnosed with a sinusitis disorder in-service. The STRs clearly show she was diagnosed with a sinus disorder in-service and she is now presently diagnosed with a sinusitis disorder.

A veteran is presumed to be in sound condition when examined and accepted into the service except for defects or disorders noted when examined and accepted for service. 38 U.S.C. §§ 1111, 1137. To rebut the presumption of sound condition under 38 U.S.C. § 1111, VA must show by clear and unmistakable evidence both that the disease or injury existed prior to service and that the disease or injury was not aggravated by service. The claimant is not required to show that the disease or injury increased in severity during service before VA's duty under the second prong of this rebuttal standard attaches. Wagner v. Principi, 370 F.3d 1089 (Fed. Cir. 2004).

"Clear and unmistakable evidence" is a more formidable evidentiary burden than the preponderance of the evidence standard. See Anderson v. West, 12 Vet. App. 254, 258 (1999) (noting that the "clear and convincing" burden of proof, while a higher standard than a preponderance of the evidence, is a lower burden to satisfy than that of "clear and unmistakable evidence"). That is, the standard of proof for rebutting the presumption of soundness is not merely evidence that is "cogent and compelling, i.e., a sufficient showing, but evidence that is clear and unmistakable, i.e., undebatable...." Id. at 261. It is an "onerous" evidentiary standard, requiring that the preexistence of a condition and the no-aggravation result be "undebatable." Cotant v. Principi, 17 Vet. App. 116, 131 (2003) (internal citations omitted).

The presumption of soundness attaches only where there has been an induction examination. See Bagby v. Derwinski, 1Vet. App.225, 227 (1991).

Here, there is no clear and unmistakable evidence to find that the Veteran's sinus conditions pre-existed service. The Veteran had two examinations prior to entering service, neither of which noted sinusitis or allergic rhinitis. The STRs did note that the Veteran had seasonal springtime allergies for three to four years but at best, this amounts to conflicting evidence on when the sinus issues first manifested.

Given the conflicting evidence of record, the Board finds that VA has not demonstrated by clear and unmistakable evidence that her sinus issues existed prior to service. As such, the Board concludes that the Veteran should be afforded the presumption of soundness, as the first element of the presumption has not been rebutted.

The Board also finds that a remand is necessary to correct the VA's pre-decisional duty to assist error.

STRs show that in July and August of 2009, the Veteran suffered from inhalant allergies, sinus inflammatory disease, and sinus pressure and pain while flying. However, the VA examination only considered whether the sinus conditions were aggravated by service, due to the incorrect assertion that the sinusitis existed prior to service.

The AOJ erred in denying the Veteran's claim for sinusitis by incorrectly stating that the sinusitis existed prior to service and by stating that the STRs were silent as to complaints, treatment, or a diagnosis of any sinus condition while in service. 

The matters are REMANDED for the following action:

1. Provide access to the Veteran's claims folder to an appropriate clinician or clinicians for the purposes of obtaining a new examination and medical opinion on the nature and etiology of the Veteran's current sinusitis.

2. After reviewing the record and performing an examination, the clinician or clinicians should provide an opinion, with supporting rationale, as to the following:

3. (a) Is it at least as likely as not (50 percent or greater probability) that the Veteran's sinusitis had its inception during the Veteran's active service or is otherwise causally related to her service, to include her claimed exposure to the gas chambers at the Great Lakes Recruit Training Command.

4. In providing this opinion, the clinician or clinicians should consider and reference relevant evidence of record, to include service treatment records showing that the Veteran had a sinus inflammatory disease, seasonal allergic rhinitis, sinus pressure and pain, and multiple inhalant allergies in July and August of 2009, the medical examination by Dr. B.G.L. in May 2018, and the Veteran's lay statement from June 2018. The clinician should also address any medical literature supporting a relationship between exposure to gas chambers and the development of sinusitis and allergic rhinitis, and provide a thorough rationale for whether the clinician finds literature credible or relevant.

 

 

M. Mills

Acting Veterans Law Judge

Board of Veterans' Appeals

Attorney for the Board E.L. Aumiller, Associate Counsel

The Board's decision in this case is binding only with respect to the instant matter decided. This decision is not precedential and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.