Citation Nr: AXXXXXXXX
Decision Date: 06/30/21 Archive Date: 06/30/21

DOCKET NO. 190430-159030
DATE: June 30, 2021

REMANDED

Entitlement to service connection for a claimed sweating illness, to include anhidrosis, on the basis of substitution, is remanded.

Entitlement to special monthly compensation based on aid and attendance/housebound, on the basis of substitution, is remanded.

REASONS FOR REMAND

Prior to discussing the appeal at hand, the Board would be remiss if it did not recognize the Veteran's service. The Veteran, who died in December 2020, had active service from September 1966 to September 1968 in the United States Army. He was clearly a credit to the United States Army and to his family, and his service to his country is greatly appreciated. 

The appellant is his surviving spouse. Following the Veteran's death, the appellant requested to be substituted as the claimant for these claims. 38 U.S.C. § 5121A (2012). In a March 2021 memorandum, the RO found that the appellant could be properly substituted as the claimant for the claims currently on appeal.

These matters come to the Board of Veterans' Appeals (Board) on appeal from an April 2019 rating decision.

In a June 2019 VA Form 10182, the Veteran elected Board review of the issues herein through the evidence submission docket under the Appeals Modernization Act (AMA). He was provided a period of 90 days to submit any additional evidence in support of his claims.

Unfortunately, the record contains VA medical treatment records received in July 2020 which is outside of the 90-day window provided by the Board. As these particular VA medical treatment records were added to the claims file during a time when new evidence is not allowed, the Board may not consider the evidence. 38 C.F.R. § 20.300. However, the appellant may file a Supplemental Claim and submit or identify this evidence. 38 C.F.R. § 3.2501. If the evidence is new and relevant, VA will issue another decision on the claim, considering the new evidence in addition to the evidence previously considered. Id. Specific instructions for filing a Supplemental Claim are included with this decision.

1. Entitlement to service connection for a claimed sweating illness, to include anhidrosis, on the basis of substitution, is remanded.

Under the AMA, the Board has the duty to remand issues when necessary to correct a pre-decisional duty-to-assist error. See Pub L. No. 115-55 section (2)(d); 38 C.F.R. § 20.802 (a).

The Veteran's medical records indicate anhidrosis. See September 2019 VA medical record. However, it is unclear as to whether the anhidrosis is a separate diagnosis, or a symptom of the Veteran's Multi System Atrophy, which affects autonomic functioning (i.e., sweating). See September 2019 private medical treatment record from UT Erlanger Neurology. Therefore, a clarification opinion must be obtained.

Furthermore, a January 2019 Buddy statement from the appellant states that the Veteran had suffered all his life from an inability to sweat but that the excessive heat from the tanks he was in during service exacerbated his condition. See also September 2019 VA Endocrinology consult (noting "anhidrosis since childhood" in the Review of Systems section). 

However, the Veteran's service entrance examination does not note the presence of "anhidrosis," or anything related. If a preexisting disorder is NOT "noted" at service entrance, then VA must show by clear and unmistakable evidence both that the disease or injury existed prior to service and that the disease or injury was not aggravated by service. Wagner v. Principi, 370 F.3d 1089, 1096 (Fed. Cir. 2004). 

Because the Board notes that no etiology opinion has been provided in conjunction with this claim, and given the conclusion pursuant to Wagner v. Principi, the Board finds remand is warranted to obtain an adequate medical opinion addressing the foregoing concerns. See also McLendon v. Nicholson, 20 Vet. App. 79, 83 (2006). 

2. Entitlement to special monthly compensation (SMC) based on aid and attendance/housebound, on the basis of substitution, is remanded.

The Board finds that the appellant's claim for SMC based on the need for aid and attendance or housebound is inextricably intertwined with the claim of service connection for a claimed sweating illness. Therefore, the appropriate remedy where a pending claim is inextricably intertwined with another claim is to remand the other claim pending the adjudication of the inextricably intertwined claim. Harris v. Derwinski, 1 Vet. App. 180 (1991).

The matters are REMANDED for the following action:

1. Obtain an addendum opinion. 

The examiner is specifically instructed to clarify whether anhidrosis is a separate diagnosis, or a symptom of the Veteran's Multi System Atrophy, which affects autonomic functioning (i.e., sweating), or any other disability. See September 2019 private medical treatment record from UT Erlanger Neurology. 

If it is indeed a separate diagnosis, then the examiner must opine on the specific anhidrosis diagnosis. 

If it is a symptom of the Veteran's Multi System Atrophy, or any other diagnosis, then the examiner must opine on that diagnosis. 

The examiner should provide an opinion addressing the following:

a) Is there CLEAR AND UNMISTAKABLE EVIDENCE that the current disability pre-existed his active service?

b) If so, is there CLEAR AND UNMISTAKABLE EVIDENCE that the Veteran's disability was not aggravated, worsened beyond the natural progress of the disability during his service (i.e., that it clearly and unmistakably did not increase or that any increase was clearly and unmistakably due to the natural progress of the disease)?

c) the examiner must also provide an opinion as to whether it is at least as likely as not (i.e., there is at least a 50 percent probability) that the disability had its onset in service or is directly linked to the Veteran's active service.

i. The examination opinion must reflect consideration of the January 2019 Buddy statement from the appellant that states that the Veteran had suffered all his life from an inability to sweat but that the excessive heat from the tanks he was in during service exacerbated his condition. 

ii. A complete rationale for all opinions is requested. If the examiner finds that he or she cannot provide a nexus opinion without resorting to speculation, the examiner must explain why he or she is unable to provide an opinion without speculation, and sufficiently explain the reasons for that inability.

iii. Any opinion expressed must "contain not only clear conclusions with supporting data, but also a reasoned medical explanation connecting the two." See Nieves-Rodriguez v. Peake, 22 Vet. App. 295, 301 (2008).

iv. If the requested opinion cannot be rendered without resorting to speculation, the examiner must state whether the need to speculate is caused by a deficiency in the state of general medical knowledge, i.e., no one could respond given medical science and the known facts, or by a deficiency in the record or the examiner, i.e., additional facts are required, or the examiner does not have the needed knowledge or training. Jones v. Shinseki, 23 Vet. App. 382, 389 (2010) (The Agency of Original Jurisdiction should ensure that any additional evidentiary development suggested by the examiner be undertaken so that a definite opinion can be obtained.)

The Board notes that the examiner may have a further obligation to research the medical literature. If medical literature is relied upon in rendering this determination, the VA examiner should identify and specifically cite each reference material utilized.

2. After completing the above, and any other development deemed necessary, readjudicate the issues currently on appeal with consideration of all applicable laws and regulations, including the appeal as to the issue of entitlement to special monthly compensation based on the need for regular aid and attendance or by reason of being housebound.

3. The AOJ must review the claims file and ensure that the foregoing development action has been completed in full.

If any development is incomplete, appropriate corrective action must be implemented.

If any report does not include adequate responses to the specific opinions requested, it must be returned to the providing examiner for corrective action.

 

 

Kalisse Anderson

Veterans Law Judge

Board of Veterans' Appeals

Attorney for the Board C. J. Cho, Counsel

The Board's decision in this case is binding only with respect to the instant matter decided. This decision is not precedential and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.